MICHAEL DONAHOE
Deputy Federal Defender
Federal Defenders of Montana
Helena Branch Office
50 West 14th Street, Suite 1
Helena, Montana 59601
Phone: (406) 449-8381
Fax: (406) 449-5651
Email:  michael_donahoe@fd.org
Attorneys for Defendant

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL BLAKE DeFRANCE,<br><br>Defendant. | CR 21-29-M-DLC<br><br>**DEFENDANT DeFRANCE'S OPPOSED MOTION TO DISMISS INDICTMENT BECAUSE MONTANA PFMA (§45-5-206 (2011)) IS INDIVISIBLE AND AN UNCONSTITUTIONAL NONCATEGORICAL VERSION OF 18 USC §921(a)(33)(A)(ii)** |

## <u>INTRODUCTION</u>

This is a firearms case where the government has charged that Mr. DeFrance unlawfully possessed firearms and ammunition on two specific dates in 2018 (ECF No. 2).    According  to  the  government  what  renders  the  two  2018 firearms/ammunition possessions unlawful is that prior to those possessions, Mr.

1

DeFrance "had been convicted on or about May 6, 2013, of a misdemeanor crime of domestic violence under the laws of the State of Montana . . . ".  *Id*.

## MOTION TO DISMISS THE INDICTMENT

COMES NOW Mr. DeFrance by and through his counsel of record, Michael Donahoe, and moves to dismiss the indictment under Fed. R. Crim. P. Rule 12(b)(3) because the grounds raised herein below are "reasonably available and the motion can be determined without a trial on the merits . . . ".  (*Id*.).  In satisfaction of Fed. R. Crim. P. Rule 47(b) the grounds for this motion are as follows:

- Notwithstanding Judge Watters' decisions in *United States v. Tymes*, CR 20-117-BLG-SPW, and *United States v. Goerndt*, CR 20-125-BLG-SPW, the relevant version of the Montana Partner Family Member Assault (PFMA) statute (2011) is both indivisible and overbroad consequently under the categorical approach a 2011 Montana PFMA cannot serve as a predicate to support a §922(g)(9) prosecution.  Stated slightly differently, a 2011 Montana PFMA can be committed without the use, threatened use, or attempted use of force therefore since the Montana statutory term "bodily injury" is indivisible and includes both mental and emotional harm bodily injury can be inflicted without the use of force.

- Moreover, as a separate and additional ground for this motion, Mr. DeFrance contends that because the Montana 2011 PMFA statute *does contain* a relationship element this case is not controlled by *United States v. Hayes*, 555 U.S. 415 (2009), and the Court must categorically analyze the relationship element of the 2011 Montana PFMA statute *vis-à-vis* the federal definition of that term in 18 USC §921(a)(33)(A).  Under this comparison the 2011 PFMA definition of the relationship element is indivisible, over-inclusive, and unconstitutional.  *See e.g. United States v. Nobriga*, 408 F.3d 1178 (9th Cir. 2005) (under a plain error standard the relationship element

2

of the Hawaii Domestic Violence statute does not match the federal definition in §921(a)(33)(A)(ii)).

## CONTACT WITH OPPOSING COUNSEL

Government counsel, Jennifer Clark, opposes this motion on behalf of the United States.

## CONCLUSION

WHEREFORE based on this motion and the brief that supports it (ECF No. 17), the indictment ought to be dismissed.

RESPECTFULLY SUBMITTED this 18th day of August, 2021.

/s/ Michael Donahoe
MICHAEL DONAHOE
Deputy Federal Defender
Counsel for Defendant

# CERTIFICATE OF SERVICE
## L.R. 5.2(b)

I hereby certify that on August 18, 2021, a copy of the foregoing document was served on the following persons by the following means:

__1__      CM-ECF

__2__      Mail

1.    CLERK, UNITED STATES DISTRICT COURT

1.    JENNIFER CLARK
     Assistant United States Attorney
     United States Attorney's Office
     105 E. Pine, 2nd Floor
     P.O. Box 8329
     Missoula, MT  59807
          Counsel for the United States of America

2.    MICHAEL BLAKE DeFRANCE
     Defendant

                    /s/ Michael Donahoe
                    FEDERAL DEFENDERS OF MONTANA