**JENNIFER S. CLARK**
Assistant U.S. Attorney
P.O. Box 8329
Missoula, MT 59807
105 E. Pine, 2nd Floor
Missoula, MT   59802
Phone: (406) 542-8851
FAX: (406) 542-1476
E-mail: Jennifer.Clark2@usdoj.gov

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**MISSOULA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** Plaintiff, vs. **MICHAEL BLAKE DEFRANCE,** Defendant. | CR 21-29-M-DLC **UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO DISMISS SUPERSEDING INDICTMENT** |

**INTRODUCTION**

Defendant has filed his third motion to dismiss. Defendant contends the statute under which he is charged, 18 U.S.C. § 922(g)(9), is vague because it does not give fair warning on what constitutes a violation and that it can be arbitrarily

1

enforced. The United States disagrees. Circuit courts and district courts have addressed allegations that 18 U.S.C. § 922(g)(9) and 18 U.S.C. § 921(a)(33)(A)(ii) are constitutionally vague and have found the claim to be unfounded.

There are two statutes at issue. Section 922(g)(9) prohibits anyone who has been convicted of a misdemeanor crime of domestic violence from possessing a firearm that has been shipped in interstate commerce. 18 U.S.C. § 922(g)(9). Of course, the *mens rea* for violating this statute is that the individual knew that he or she possessed the firearm and that he or she knew that they belonged to the relevant class. 18 U.S.C. § 924(a)(2); *Rehaif v. United States*, 139 S. Ct. 2191 (2019).

The second statute defines a misdemeanor crime of domestic violence as an offense that:

- is a misdemeanor under Federal, State, or Tribal law; and

- has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim.

18 U.S.C. § 921(a)(33)(A)(i) and (ii).

**ARGUMENT**

**I.     18 U.S.C. § 921(a)(33)(A)(ii) and 18 U.S.C. § 922(g)(9) provide fair warning as to what constitutes a violation.**

"'Everyone knows' that possession of firearms is a highly regulated activity and that 'an individual's domestic violence conviction should itself put that person on notice that subsequent possession of a gun might well be subject to regulation.'" *United States v. Pfeifer*, 371 F.3d 430, 437 (8th Cir. 2004). Title 18 section 921 contains no ambiguity as to either persons to whom prohibitions apply or proscribed conduct. *United States v. Meade*, 175 F.3d 215, 222 (1st Cir. 1999).

To determine whether a criminal statute meets a vagueness challenge, the court must assess "whether men of common intelligence must necessarily guess at its meaning and differ as to its application." *United States v. Smith*, 171 F.3d 617, 622 (8th Cir. 1999). "We would be hard pressed to find an individual of common, or even not so common, intelligence who could not determine whether he was in one of the enumerated relationships when he committed a misdemeanor crime including an element of physical force." *Id.* Words are given their ordinary, contemporary and common meaning. *Williams v. Taylor*, 529 U.S. 420, 431 (2000) Words are known by their companions. *Id.* at 435-36 (2000) (*quoting Gutierrez v. Ada*, 528 U.S. 250-255 (2000).

3

In *Smith*, the defendant argued that because he was convicted of simple assault and not the domestic abuse assault, he was not fairly apprised that his conduct was forbidden under § 922(g)(9). 171 F.3d at 623. His predicate offense was based on him shooting the mother of his child. *Id.* at 619. The court found that § 921(a)(33) is unambiguous and does not require the underlying misdemeanor to contain a domestic relationship. *Id.* at 623. The fact that he could have been convicted under two different statutes, one which was arguably less applicable to the proscribed conduct, does not negate notice that the conviction under a similarly relevant statute could also serve as a predicate offense for § 922(g)(9). *Id.* The court found that § 921(a)(33) clearly provided him with the four categories of relationships that were covered by the statute.

In *Meade*, the appellant contended § 922(g)(9) was unconstitutionally vague because it didn't define the offense with sufficient clarity that an ordinary person could ascertain if their actions would fall within its proscriptions. 175 F.3d at 222. Meade, like Smith, argued that his conviction did not have the relationship element because he was convicted of simple assault. The First Circuit rejected his contention, finding that criminal statutes are vague if they do not adequately specify the conduct that they prohibit or the class of person to whom they apply. *Id.* Section 922(g)(9) "contains no ambiguity either as to the persons to whom the

4

prohibitions apply or as to what conduct is proscribed." *Meade,* 175 F.3d at 222. The fact that the defendant was convicted of a general statute does not mean he "will not know whether his conviction will count as a predicate offense." *Id*. It is "fair to presume that a misdemeanant will know his relationship with his victim." *Id.* The court further noted that application of the rule of lenity was inappropriate. *Id.* The rule of lenity only has bearing if a particular statute leaves an inquiring court guessing at what Congress intended and Congressional intent with 922(g)(9) is clear. *Id.; see also United States v. Castleman*, 572 U.S. 157, 172 (2014) ("the rule of lenity only applies if, after considering text, structure, history, and purpose, there remains a grievous ambiguity or uncertainty in the statute, such that the Court must simply guess as to what Congress intended.").

Courts also have held the phrase "similarly situated to a spouse" is not unconstitutionally vague. The lack of any statutory definition does not make a statute so vague that "persons of common intelligence must necessarily guess at its meaning and differ as to its application." *United States v. Cary*, 2008 WL 879433, *2 (N.D. Georgia 2008). In construing a statute, courts look at the plain meaning of the text, look at the language itself, the specific context in which the language is used and the broader context of the statute as a whole. *Id.* "Based on the existing case law from a variety of circuit courts, defendant's claim that the

5

statute is void for vagueness is not supported by any of the cases that address this issue." *Cary,* 2008 WL 879433 at *4. In *Cary*, the government asserted that the defendant was either cohabiting with the victim or was similarly situated as a spouse to the victim. *Id.* at *1. The defendant asserted that similarly situated was unconstitutionally vague and was not defined with sufficient definiteness. *Id.* The defendant's contention that he has no reasonable way of knowing whether the statute is applicable to him is contradicted by relevant case law. *Id*. at *3. The *Cary* court looked at other jurisdictions that likewise held the statute was not vague, finding the following relationships:

- abuse perpetrated on a live-in girlfriend.

- live-in girlfriend for two-months indicates having sexual relations.

- expectations of fidelity and monogamy, shared expenses, shared household responsibilities, social activities in common, discussions about having children

- no requirement that the victim and defendant ever lived together; enough to simply share an intimate relationship

- defendant married to another woman, assaults his secretary with whom he is having an affair and occasionally stays with at an apartment defendant kept.

*Id*. at *2-3.

The court noted that "[a] common read of the statute would alert a person of ordinary intelligence that the phrase 'similarly situated to a spouse' is meant to

6

include assault perpetrated against those who are not spouses yet share their defining characteristics." *Cary,* 2008 WL 879433 at *3, *citing United States v. Cuervo*, 354 F.3d 969, 998 (8th Cir. 2004), vac'd on other grounds sub nom. *Schoenauer v. United States*, 543 U.S. 1099 (2005).

Courts likewise have found no vagueness regarding the force element. The term "force or threat of force" is a readily understandable term used in everyday speech. *United States v. Smith*, 964 F.Supp. 286, 294 (N.D. Iowa 1997). As discussed in previous filings, "force" as defined in "misdemeanor crimes of domestic violence" carries the common law meaning. *Castleman,* 572 U.S. at 162. "Statutes are sufficiently certain when they employ words or phrases with a well-settled common law meaning notwithstanding an element of degree in the definition as to which estimates might differ." *United States v. Nason*, 269 F.3d 10, 22 (1st Cir. 2001). Terms such as physical force, bodily injury, offensive physical contact draw upon legal constructs with rich and well-developed common law lineages. *Id.* In combination, they afford fair and ample warning to persons of ordinary intelligence that a prior conviction under an assault statute, if it involves a domestic partner, likely qualifies as a misdemeanor crime of domestic violence sufficient to trigger the proscriptions of § 922(g)(9). *Id.*

The definitions and concepts in this case are simple and straight forward. Defrance knew that he used force when he was convicted of punching his girlfriend several times and causing bodily injury. Defrance knew that he fell into one of the categories defined in § 921. He had been in a long-term, intimate relationship with the victim. Prior to and around the time of the assault, she stayed with him for long periods of time. They were in a monogamous relationship with expectations of fidelity. They spent almost all their time together and attended social activities together. She kept pets, clothes and makeup at his residence. The very name of the of the offense under which Defrance was convicted, Partner or Family Member Assault, put him on notice. *See United States v. Beavers*, 206 F.3d 706, 710 (6th Cir. 2000) (A conviction on a domestic violence offense sufficiently placed defendant on notice that the government might regulate his ability to own or possess a firearm.). The legislative history around § 922(g)(9) clearly shows that the law is intended to close a dangerous loophole and protect vulnerable victims. *See* 142 Cong. Rec. S2646-02 (1996) (statement of Sen. Lautenberg – noting the intent of the legislation is to disqualify anyone who has been convicted of domestic violence including by a spouse, former spouse, paramour, parent guardian, or similar individual, from possessing a firearm).

This statute is not vague as to the application or understanding of a common or not so common man. There is no ambiguity as to either persons to whom prohibitions apply or proscribed conduct. The element of force uses a common law definition. The intent of § 922(g)(9) to keep firearms out of the dangerous people who are willing to harm the people they love. The motion to dismiss for vagueness should be denied.

## II. Section 922(g)(9) provides a clear and bright line for implementation and does not allow for ad hoc subjective application in a discriminatory manner.

Defendant's second contention is that § 922 is vague because it allows for resolution on an ad hoc and subjective basis. This is not possible.

The case upon which he relies required person who loiter or wander on the streets to provide a credible and reliable identification and to account for their presence when requested by a police officer. *Kolender v. Lawson*, 461 U.S. 352, 353 (1983). Failure of the individual to provide "credible and reliable" identification permitted law enforcement to arrest the person. *Id*. at 357. The Supreme Court determined that this statute was unconstitutionally vague because it allowed for arbitrary enforcement. *Id*. at 361. The statute did not describe with sufficient particularity what a suspect must do to satisfy "credible and reliable" information. *Id.*

The statute here applies to all person convicted of misdemeanors involving the use or attempted use of force against any of the persons listed in the statute. *Smith*, 964 F.Supp. at 294. "The statute provides a bright line for law enforcement and does not encourage arbitrary and erratic arrests and convictions." *Id*. Defendant's argument fails.

Defendant next argues that there is nothing to aid in the determination of similarly situated to a spouse. (Doc 44 at 12). Again, words are known by their company. In § 921(a)(33), there is a list of relationships and situations. These guide the interpretation of similarly situated. It is clear that to qualify as a crime of domestic violence, the victim of the predicate offense must meet one of the relationship categories at the time of the offense. *United States v. Hayes*, 555 U.S. 415, 426-427 (misdemeanor crime of domestic violence includes an offense "committed by" a person who had a specified domestic relationship with the victim). The cases that have reviewed this statute all look at the relationship at the time of the predicate offense. The statute is clear that the predicate offense is a crime of domestic violence, indicting that the relationship must exist at the time of the offense. That is the timeframe and those are the facts which control in determining if a predicate conviction is a domestic violence crime.

Defendant attempts to persuade this Court that a prosecution under § 922(g)(9) is a relitigation of the Montana partner or family member assault conviction. That isn't so. There are two separate sovereigns with two separate statutes and two separate violations. A prosecution under § 922(g)(9) isn't to determine if the defendant violated Mont. Code Ann. § 45-5-206. A prosecution under § 922(g)(9) is for defendant violating § 922(g)(9). While the fact-finder looks back at the facts surrounding the predicate offense, it must determine if there was a conviction for a misdemeanor with the element of force. Then the fact-finder must look at the relationship that existed when the defendant used force and determine if it falls into one of the specified domestic relationships outlined in § 921(a)(33). It is simply an examination of the facts present at the time of the underlying offense. There is no mixing and matching of elements. The facts supported a conviction under Montana law for partner or family member assault. The facts also meet the definition of a misdemeanor crime of domestic violence under federal law.

## CONCLUSION

Based on the foregoing, the Court should deny Defendant's Third Motion to Dismiss the Indictment. It is well-established that the statutes are not unconstitutionally vague.

Defendant attempts to persuade this Court that a prosecution under § 922(g)(9) is a relitigation of the Montana partner or family member assault conviction. That isn't so. There are two separate sovereigns with two separate statutes and two separate violations. A prosecution under § 922(g)(9) isn't to determine if the defendant violated Mont. Code Ann. § 45-5-206. A prosecution under § 922(g)(9) is for defendant violating § 922(g)(9). While the fact-finder looks back at the facts surrounding the predicate offense, it must determine if there was a conviction for a misdemeanor with the element of force. Then the fact-finder must look at the relationship that existed when the defendant used force and determine if it falls into one of the specified domestic relationships outlined in § 921(a)(33). It is simply an examination of the facts present at the time of the underlying offense. There is no mixing and matching of elements. The facts supported a conviction under Montana law for partner or family member assault. The facts also meet the definition of a misdemeanor crime of domestic violence under federal law.

## CONCLUSION

Based on the foregoing, the Court should deny Defendant's Third Motion to Dismiss the Indictment. It is well-established that the statutes are not unconstitutionally vague.

DATED this 1st day of October, 2021.

                                LEIF M. JOHNSON
                                Acting United States Attorney

                                */s/ Jennifer S. Clark*
                                JENNIFER S. CLARK
                                Assistant U.S. Attorney

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule, this certifies that the body of the attached response contains 2,307 words, excluding the caption and certificate of compliance.

                                              LEIF M. JOHNSON
                                              Acting United States Attorney


                                              */s/ Jennifer S. Clark*
                                              JENNIFER S. CLARK
                                              Assistant U.S. Attorney