MICHAEL DONAHOE
Deputy Federal Defender
Federal Defenders of Montana
Helena Branch Office
50 West 14th Street, Suite 1
Helena, Montana 59601
Phone: (406) 449-8381
Fax: (406) 449-5651
Email:  michael_donahoe@fd.org
Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL BLAKE DeFRANCE,<br><br>Defendant. | CR 21-29-M-DLC<br><br>**DEFENDANT DeFRANCE'S REPLY IN SUPPORT OF HIS THIRD MOTION TO DISMISS SUPERSEDING INDICTMENT** |

**INTRODUCTION**

Mr. DeFrance has filed a motion to dismiss the superseding indictment (ECF No. 43) with a supporting brief (ECF No. 44).  The government has answered (ECF No. 50).  This is Mr. DeFrance's reply brief.

///

///

1

# REPLY ARGUMENTS

Almost without exception the decisions that the government cites in response to our vagueness/fair notice claims treat the issue at such a high level of generality it is impossible to determine the actual substantive arguments that the Courts were deciding in those cases. Take for example *United States v. Pfiefer*, 371 F.3d 430, 437 (8th Cir. 2004), which the government cites at page 3 of ECF No. 50. After recounting that the defendant's claim was that "§922(g)(9) does not provide fair warning that his possession of a firearm is prohibited conduct." 371 F.3d at 437; the Court makes sweeping statements such as "everyone knows the possession of firearms is a highly regulated activity" and there was "overwhelming evidence . . . showing that [the defendant] had actual notice of the law prohibiting his possession of firearms". *Id*. The point being that the government's brief simply fails to address the particular arguments that Mr. DeFrance advanced in his motion and supporting brief.

Furthermore virtually all of the cases the government cites pre-date the Supreme Court's decisions in *United States v. Hayes*, 555 U.S. 415 (2009) and *United States v. Castleman*, 572 U.S. 157 (2014). Importantly, we have argued with a reasonable degree of specificity that any layman such as Mr. DeFrance would be hard pressed to figure out on his own whether (under the categorical approach) the Montana Partner Family Member Assault (PFMA) statute contains the required

element of force. And we do not come to the Court empty handed asking for relief on this claim; but rather cite recent decisions in this District authored by two distinguished Judges who come to essentially opposite conclusions on the issue.

Also, after *Hayes* and *Castleman* it still remains unclear whether in the circumstances presented here Mr. DeFrance's Montana PFMA conviction should be subject to categorical analysis on both the force element and the relationship element, or just the force element. We recognize that it would be the government's position that it is a legal question requiring application of the categorical approach whether Mr. DeFrance's PFMA conviction statute has the necessary force element but that the relationship issue would present a factual question for the jury. However, after *Hayes* what happens in the situation where, as here, the PFMA statute under consideration *does contain* a relationship element which is narrower than the definition set forth in 18 USC §921(a)(33)(A)(ii).

*Hayes* dealt with a situation where the statute under review *does not contain* a relationship element. In his dissent in *Hayes* Chief Justice Roberts discussed *Shepard v. United States*, 544 U.S. 13 (2005) and its ancestor *Taylor v. United States*, 495 U.S. 575 (1990) for the proposition that the *Hayes* majority approach would frequently make "it necessary to go beyond the fact of conviction and engage in an elaborate factfinding process regarding the defendant's prior offense" *United States v. Hayes*, 555 U.S. 415, 435-436 (2009) C.J. Roberts, *dissenting*. Here it is worth

considering the substantial impact that the *Hayes* decision and the *Castleman* decision have in combination in light of the Chief Justice's comments.

*Hayes* removes the relationship element from the framework of the categorical approach; but we contend only where the assault statute under consideration does not contain a relationship element of its own. In such a situation the relationship element is viewed as a circumstance-specific factor supplied by the federal statute (§921(a)(33)(A)) which must be proved at the §922(g)(9) trial afresh and beyond a reasonable doubt. On the other hand, *Castleman* confirms that the categorical approach remains the proper vehicle for the Court to determine whether or not the defendant's prior assault conviction statute contains the necessary force element. Not by considering the facts of the case; but only by consideration of select judicial documents to determine whether the force element of the predicate matches the force element of the federal statute.

But what of the situation where, like here, the prior conviction statute does contain a relationship element, what then? Does the federal court employ the categorical approach to both the force element and the relationship element thereby making the worthiness of the predicate conviction totally a judicial question without regard to the facts? Neither *Hayes* nor *Castleman* answers this question. And the government's brief doesn't address it either. (*Cf.* ECF No. 17, pages 5-6).

///

Eight years ago Mr. DeFrance pleaded guilty to a Montana PFMA by admitting that he caused bodily injury to his girlfriend. We have already showed that insofar as the force element is concerned Chief Judge Morris reaches a result different from Judge Watters concerning whether a Montana assault can be committed without force. No lay person could figure this out on his or her own; and that is the gravamen *of part* of our vagueness/fair notice argument. The government's brief likewise fails to address this argument.

Moreover, the government's citation to *United States v. Cary*, 2008 WL 879433 (N.D. Georgia 2008) on pages 5-7 of its brief is not helpful for two reasons. First, it is out of circuit and therefore could never be considered an authoritative interpretation of the statute. And second, it is a district court decision which, as we pointed out in our opening brief, does not carry the force of precedent. (*See* ECF No. 44, page 9, n. 2). And here we are quick to point out that there is no authoritative published, circuit level decision in this country ruling that a Montana PFMA can lawfully serve as the necessary state court predicate conviction for a §922(g)(9) prosecution.

At page 11 of its brief the government states that a "prosecution under §922(g)(9) isn't to determine if the defendant violated Mont. Code Ann. §45-5-206". Yet earlier in its brief the government argues:

5

> The definitions and concepts in this case are simple and straight forward. Defrance knew that he used force when he was convicted of punching his girlfriend several times and causing bodily injury. Defrance knew that he fell into one of the categories defined in § 921. He had been in a long-term, intimate relationship with the victim. Prior to and around the time of the assault, she stayed with him for long periods of time. They were in a monogamous relationship with expectations of fidelity. They spent almost all their time together and attended social activities together. She kept pets, clothes and makeup at his residence. The very name of the of the offense under which Defrance was convicted, Partner or Family Member Assault, put him on notice. See United States v. Beavers, 206 F.3d 706, 710 (6th Cir. 2000) (A conviction on a domestic violence offense sufficiently placed defendant on notice that the government might regulate his ability to own or possess a firearm.). The legislative history around § 922(g)(9) clearly shows that the law is intended to close a dangerous loophole and protect vulnerable victims. See 142 Cong. Rec. S2646-02 (1996) (statement of Sen. Lautenberg – noting the intent of the legislation is to disqualify anyone who has been convicted of domestic violence including by a spouse, former spouse, paramour, parent guardian, or similar individual, from possessing a firearm).

(ECF No. 50, page 8).

The first part of this argument fails to honor the categorical approach which is required under *Castleman*, which we argue applies to both the force and the relationship elements. And the second part of this argument (in conjunction with what the government argues on pages 5-7 of ECF No. 50) confirms that at trial the government fully intends to supplant the relationship element in the Montana PFMA

statue that Mr. DeFrance pled guilty to[1]; in order to effectively re-litigate the relationship element altogether.

In closing one loose end. In supplemental discovery disclosed on September 17, 2021, we were provided two recorded phone calls conducted amongst the various law enforcement personnel involved on the day of Mr. DeFrance's Montana PFMA. In those calls we learned for the first time that the victim of Mr. DeFrance's PFMA was then 17 years old. This is important because although the government has been vague on how it intends to flesh out the relationship element at trial it does appear reasonably clear that the government will center its proof on the idea that Mr. DeFrance was "a person similarly situated to a spouse . . . of the victim". 18 USC §921(a)(33)(A)(ii). However, in order to marry in Montana, each party must be 18 years of age. Mont. Code Ann. §40-1-202. Moreover, the only way a 17-year-old can marry in Montana is with parental consent and/or judicial approval. Mont. Code Ann. §40-1-213. (*See* statutes attached as Exhibits A and B).

---

[1] The judicial *Shephard* record shows that Mr. DeFrance admitted that he caused "bodily harm" (an indivisible term which includes mental distress) to his "girlfriend". To state the obvious "girlfriend" is not one of the relationships included in §921(a)(33)(A)(ii) but it does come under the heading of "dating" in §45-5-206 Mont. Code Ann. Moreover, as we have already argued, to re-litigate the relationship element now, which is what the government intends, violates Mr. DeFrance's Fifth and Sixth Amendment rights (*see e.g.*, ECF No. 17, pages 5-6). Another argument the government fails to address.

These circumstances beg the question how a person could be "similarly situated to a spouse" under §921(a)(33)(A)(ii) where the individual to whom the person is supposed to be situated is legally prohibited from being a spouse? Therefore, as a matter of law, and under the Fifth and Tenth Amendments to the United States Constitution, we argue the government ought to be estopped from arguing that Mr. DeFrance could be "similarly situated" to an individual who he could not be lawfully married to in the first place, absent special exceptions (parental consent or judicial approval), neither of which is present here.

## **CONCLUSION**

WHEREFORE, Mr. DeFrance's motion to dismiss (ECF No. 43) ought to be granted.

RESPECTFULLY SUBMITTED this 8th day of October, 2021.

/s/ Michael Donahoe
MICHAEL DONAHOE
Deputy Federal Defender
Counsel for Defendant

## CERTIFICATE OF COMPLIANCE

I hereby certify that this Brief is in compliance with Local Rule 7.1(d)(2) (as amended). The brief's line spacing is double-spaced, and is proportionately spaced, with a 14-point font size and contains less than 3,250 words. (Total number of words: 1,695 excluding tables and certificates).

DATED this 8th day of October, 2021.

/s/ Michael Donahoe
MICHAEL DONAHOE
Deputy Federal Defender
Counsel for Defendant

# CERTIFICATE OF SERVICE
## L.R. 5.2(b)

I hereby certify that on October 8, 2021, a copy of the foregoing document was served on the following persons by the following means:

__1__      CM-ECF

__2__      Mail

1. CLERK, UNITED STATES DISTRICT COURT

1. JENNIFER CLARK
   Assistant United States Attorney
   United States Attorney's Office
   105 E. Pine, 2nd Floor
   P.O. Box 8329
   Missoula, MT  59807
       Counsel for the United States of America

2. MICHAEL BLAKE DeFRANCE
       Defendant

                /s/ Michael Donahoe
                FEDERAL DEFENDERS OF MONTANA