1   JoAnn Jett Corson
    Registered Diplomate Reporter
2   Certified Realtime Reporter
    P. O. Box 8006
3   Missoula, Montana 59807-8006
    406/829-7123 office
4   joann_corson@mtd.uscourts.gov

5   United States Court Reporter

6

7

8

9              **IN THE UNITED STATES DISTRICT COURT**
                 **FOR THE DISTRICT OF MONTANA**
10                     **MISSOULA DIVISION**

11  UNITED STATES OF AMERICA,          )
                           Plaintiff,)   No. CR 21-29-M-DLC
12        vs.                          )
                                       )   **TRANSCRIPT OF ARRAIGNMENT**
13  MICHAEL BLAKE DEFRANCE,            )   **ON SECOND SUPERSEDING**
                           Defendant.)   **INDICTMENT**
14  _____)

15

16          **BEFORE THE HONORABLE KATHLEEN L. DeSOTO**
        **UNITED STATES DISTRICT COURT MAGISTRATE JUDGE**
17                 **FOR THE DISTRICT OF MONTANA**

18
                Russell Smith United States Courthouse
19                       201 East Broadway
                      Missoula, Montana 59802
20                   Thursday, November 18, 2021
                        2:08 to 2:14 p.m.
21

22

23

24
            Proceedings recorded by digital audio recording
25      Transcript produced by computer-assisted transcription

```
 1                          APPEARANCES

 2   For the Plaintiff:              MS. JENNIFER S. CLARK
                                     Assistant U.S. Attorney
 3                                   P.O. Box 8329
                                     Missoula, Montana 59807
 4
     For the Defendant:              MR. MICHAEL DONAHOE
 5                                   Attorney at Law
                                     Federal Defenders of Montana
 6                                   50 West 14th Street, Suite 300
                                     Helena, Montana 59624
 7

 8                           CONTENTS
```

```
 9   Proceedings ........................................    3

10   Transcriber's Certificate ..........................    9
```

```
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1

2      (Open court.)

3      (Defendant present.)

4          THE COURT:  All right.  And next is an initial

5  appearance on the second superseding indictment in *United*

6  *States of America v. Michael Blake Defrance*.  It's

7  CR 21-29-M-DLC.

8          All right, Mr. Defrance.  If you could come up to

9  the podium there with your attorney?

10     (Pause.)

11         THE COURT:  All right.  So, Mr. Defrance, do you

12  have a copy of the second superseding indictment there?

13         THE DEFENDANT:  Yes, I do.

14         THE COURT:  Okay.  So the grand jury has returned

15  this second superseding indictment against you finding

16  probable cause to charge you as follows:

17         You're charged in Count 1 with being a prohibited

18  person in possession of firearms and ammunition.  That's in

19  violation of Title 18, United States Code, Section 922(g)(9).

20  The maximum penalty for that count is up to ten years'

21  imprisonment, a $250,000 fine, and three years of supervised

22  release.

23         You're charged in Counts 2 through 4 with false

24  statement during a firearms transaction.  Those counts are in

25  violation of Title 18, United States Code, Section 922(a)(6).

1  The maximum penalty for those counts is up to ten years'

2  imprisonment, a $250,000 fine, and three years of supervised

3  release.

4  As to each of those counts, of course, there is a

5  special assessment of $100 that would be due and owing at the

6  time of sentencing should you either plead guilty to those

7  counts or be found guilty after a trial.

8  There's also a criminal forfeiture allegation in

9  this second superseding indictment.  That is pursuant to

10  Title 18, United States Code, Section 924(d), and that is --

11  forfeiture is simply the mechanism that allows the government

12  to seize and requires you to forfeit any ownership interest

13  that you may have in property that is connected to the

14  criminal conduct alleged in this charging document.

15  So I need to advise you of your rights:

16  You have the right to remain silent.  Anything you

17  say can and will be used against you -- will be used against

18  you in these proceedings, but you don't have to say anything

19  at all.  Because of your attorney/client relationship with

20  Mr. Donahoe, the conversations that you have with him will

21  remain private, so you should feel comfortable in speaking

22  with him about matters relating to your case.  You have the

23  right to have Mr. Donahoe present at any questioning by law

24  enforcement, if there is ever a lineup in your case, and

25  obviously at any and all court proceedings.

1        Do you understand these rights?

2        THE DEFENDANT:  Yes, Your Honor.

3        THE COURT:  Mr. Defrance, as you stand here right

4   now, do you have any physical health issues or mental health

5   issues that would make it difficult for you to understand what

6   we're doing here today?

7        THE DEFENDANT:  No, I do not.

8        THE COURT:  All right.

9        Mr. Donahoe, have you had the chance to review and

10  discuss the second superseding indictment with your client?

11       MR. DONAHOE:  I have.

12       THE COURT:  And does he wish it to be read?

13       MR. DONAHOE:  We would waive that.  Thank you.

14       THE COURT:  All right.

15       Mr. Defrance, do you understand the nature of the

16  allegations contained against you in this second superseding

17  indictment?

18       THE DEFENDANT:  Yes.

19       THE COURT:  And do you understand the maximum

20  penalties that can be imposed upon you should you either plead

21  guilty to the counts of the second superseding indictment or

22  be found guilty after a trial?

23       THE DEFENDANT:  Yes.

24       THE COURT:  Mr. Donahoe, how does your client wish

25  to plead?

1          MR. DONAHOE:  Not guilty pleas, Your Honor.

2          THE COURT:  And deny forfeiture?

3          MR. DONAHOE:  Yes, Your Honor.

4          THE COURT:  All right.  Well, I believe we have

5    already handled scheduling dates in this case, so we will not

6    be issuing any additional scheduling matters.

7          Ms. Clark, let me give you the *Brady* order:

8          Under Criminal Rule 5(f), the government is ordered

9    to comply with its disclosure obligations under *Brady v.*

10   *Maryland* and related cases.  The failure to do so may result

11   in sanctions.  And we will put a written text order in the

12   docket in this case.

13         MS. CLARK:  Thank you.

14         THE COURT:  And I understand that Mr. Defrance is in

15   compliance with his pretrial conditions; is that correct?

16         MR. DONAHOE:  He is.

17         THE COURT:  All right.

18         So, Mr. Defrance, you will be continued release on

19   all the pretrial conditions that I previously imposed.  Okay?

20         THE DEFENDANT:  Yes.

21         MR. DONAHOE:  Okay.

22         THE COURT:  Anything further, Mr. Donahoe?

23         MR. DONAHOE:  Yeah.  If I could be heard just

24   quickly in relation to the *Brady* order?

25         The addition of these counts in terms of

```
1   scheduling --

2            THE COURT:  Okay.

3            MR. DONAHOE:  -- and I can take this up with Judge

4   Christensen, but I'll have additional motions in relations to

5   those -- in relation to those counts, so I'm gonna need time

6   for that.

7            But more particularly, I would like to put the

8   government on notice.  I can make and will make a formal

9   discovery request in writing, but from previous work, the

10  addition of those two counts involves ATF Form 4473.  Those

11  forms provoke some kind of process with ATF.  Once that

12  transaction is being gone through in the pawnshop or the gun

13  store --

14           THE COURT:  Um-hmm.

15           MR. DONAHOE:  -- or wherever, and they call it in,

16  it's assigned a number and there's a followup, and sometimes

17  an agent actually on the ground looks at all that data and

18  makes some kind of determination whether the person is

19  prohibited.

20           I want all of those documents.  And if they're gonna

21  be hard to find or, you know, however that works --

22           THE COURT:  Okay.

23           MR. DONAHOE:  -- I would appreciate that we get

24  working on that as soon as possible.

25           THE COURT:  Okay.  And I don't, of course, have the
```

1   ability to change the scheduling order, myself, so I think

2   what you would have to do, then, is just file a motion to

3   continue under the interests of justice, 3161, and then make

4   all those statements to the Court.  But --

5            MR. DONAHOE:  Yeah.  And I will do that.

6            THE COURT:  Okay.

7            MR. DONAHOE:  Yeah.

8            THE COURT:  All right.

9            Anything other than that?

10           MR. DONAHOE:  That's it.

11           THE COURT:  Ms. Clark, anything from the government?

12           MS. CLARK:  No, Your Honor.

13           THE COURT:  All right.  We will be in recess on that

14  matter.

15      (The proceedings were concluded at 2:14 p.m.)

16

17

18

19

20

21

22

23

24

25

TRANSCRIBER'S CERTIFICATE

1

2          I, JoAnn Jett Corson, certify that the foregoing

3    transcript is an accurate transcription, to the best of my

4    ability, from the digital audio recording of the proceedings

5    given at the time and place hereinbefore mentioned; and that a

6    certified copy of this transcript will be filed electronically

7    with the Court.

8          I further certify that I am not attorney for, nor

9    employed by, nor related to any of the parties or attorneys to

10   this action, nor financially interested in this action.

11         IN WITNESS WHEREOF, I have set my hand at Missoula,

12   Montana this 15th day of December, 2021.

13

14                              /s/ JoAnn Jett Corson
                                _____
15                              JoAnn Jett Corson
                                United States Court Reporter
16

17

18

19

20

21

22

23

24

25