MICHAEL DONAHOE
Deputy Federal Defender
Federal Defenders of Montana
Helena Branch Office
50 West 14th Street, Suite 1
Helena, Montana 59601
Phone: (406) 449-8381
Fax: (406) 449-5651
Email:  michael_donahoe@fd.org
Attorneys for Defendant

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL BLAKE DeFRANCE,<br><br>Defendant. | CR 21-29-M-DLC<br><br>**DEFENDANT DeFRANCE'S OPPOSED MOTION TO DISMISS SECOND SUPERSEDING INDICTMENT BASED ON *BRADY* ERROR, PROCEDURAL DUE PROCESS, COLLATERAL ESTOPPEL, AND VINDICTIVE PROSECUTION UNDER RULE 12(b)(3)(A)(iv)** |

## <u>INTRODUCTION</u>

On Friday, July 30, 2021 Defendant, Mr. DeFrance, was arrested by the government for being a prohibited person in possession of a firearm in violation of 18 USC §922(g)(9).  (ECF No. 2).  After Mr. DeFrance spent the weekend in the Missoula County Detention Center, he was seen promptly on Monday morning

1

(August 2, 2021) by the Honorable Kathleen L. DeSoto, United States Magistrate Judge.  At that time Mr. DeFrance was arraigned on the original indictment and released on conditions.  (ECF No. 6).

On August 13, 2021, and before the scheduled preliminary pretrial conference, Mr. DeFrance moved to dismiss the original indictment (ECF Nos. 14-17).  Partly in response to these motions the government obtained and filed on August 26, 2021, a superseding indictment, ostensibly to correct a deficiency Mr. DeFrance had noticed and argued in his motions to dismiss.  (ECF Nos. 20 and 21). A summons was issued, and Mr. DeFrance was arraigned on the superseding indictment on September 21, 2021, (ECF Nos. 23 and 47).  Here it is important to stress that the first superseding indictment did not add additional charges but only allegedly "corrected" a deficiency in the original indictment that Mr. DeFrance was trying to exploit in his original dismissal motions under *Rehaif v. United States*, 139 S. Ct. 2191 (2019).

Meanwhile, between his arraignment on the original indictment on August 2, 2021, and his arraignment on the superseding indictment on September 21, 2021, Mr. DeFrance filed a notice of intended defenses under Rule 12.3 Fed. R. Crim. P. on September 1, 2021 (ECF Nos. 27 and 28).  This notice raised the defenses of public authority, estoppel and innocent intent and was accompanied by several documents consisting mostly of ATF 4473 Forms that Mr. DeFrance had filled out

and processed at a local pawn shop. In brief, the object of furnishing this discovery to the government was to show that in fact Mr. DeFrance had both pawned and acquired firearms on several occasions and as detailed in his notice of defenses (ECF No. 27) had been, in effect, authorized by the government to possess firearms. Or stated a little differently, the National Instant Criminal Background Check System (NICS) checks, which were run on the ATF 4473 Forms that Mr. DeFrance furnished as discovery, never flagged Mr. DeFrance as a prohibited person.

Knowing from previous cases that a processed ATF 4473 Form generates an identification number the undersigned requested that the government supply such numbers, if any, as well as all the surrounding paperwork that the government possessed showing that the ATF 4473 Forms were indeed processed. In response the government furnished all of the NICS check analysis that could be found. However, as indicated in the documents which were furnished by the government, and are in this record under seal (ECF No. 63), some of the NICS records have been purged; and the government concedes that NICS investigations on the ATF 4473 Forms which we provided were not completed properly. (ECF No. 63, page 1). Because it will be important later, we note here for emphasis that although the documents set forth in ECF No. 63 are no doubt relevant, *even to the charge in the original indictment brought against Mr. DeFrance in July 2020* (ECF No. 2), the government did not provide the documents in ECF No. 63 until November 19, 2021

after consistent requests had been made by the defense for the government to produce them.

Moreover, considering that Mr. DeFrance filed his notice of defenses on September 1, 2021 wherein Mr. DeFrance provided the government the ATF 4473 Forms he had processed at the pawn shop, it still took the government all of September, all of October, and almost three weeks of November to disclose both that NCIS records had been purged and/or that the NICS background check(s) were not completed properly.

Accordingly, against this introductory background and in conjunction with other background facts that we will include in our supporting brief, Mr. DeFrance moves to dismiss the second superseding indictment on the following grounds.

## <u>GROUNDS FOR THIS MOTION</u>

1. First, the government should be sanctioned in an appropriate manner for its *Brady* failure to disclose the material contained in the defense sealed filing marked in the record as ECF No. 63. Appropriate sanctions would include dismissal of all charges with prejudice against Mr. DeFrance. Or the dismissal of Counts II, III, and IV of the second superseding indictment with prejudice. Furthermore, should the Court elect not to dismiss all or any of the now pending charges against Mr. DeFrance, at trial the Court should inform the jury by appropriate jury instruction that the government unlawfully withheld from Mr. DeFrance information that would have aided his defense by failing to disclose same in a timely manner and/or destroyed evidence.

///

2. Second, all charges should be dismissed because we are informed and believe and thereon allege that in a NICS analysis the ATF authorizes an administrative appeal by a citizen who is deemed to be a prohibited person after the processing of a 4473 in order to contest the ATF's conclusion that he or she is indeed within a prohibited class. No such right of administrative appeal was ever afforded to Mr. DeFrance. Wherefore, all charges should be dismissed because Mr. DeFrance was never afforded his administrative procedural due process rights to contest his alleged prohibited status. (*See* Exhibit A attached hereto).

3. Third, the analysis conducted by ATF Analyst Feuerstein contained in ECF No 63 concluding that Mr. DeFrance is a prohibited person is wrong. Therefore, the Court should hold a hearing and rule that in the unique circumstances of this case there has been a pretrial showing of collateral estoppel as a matter of law sufficient to warrant dismissal of the second superseding indictment. Especially considering the government's *Brady* failure.

4. And fourth, the second superseding indictment should be dismissed in its entirety because it is a vindictive prosecution which is an express ground for dismissal set forth in Rule 12(b)(3)(A)(iv) Fed. R. Crim. P. The government brought three additional counts against Mr. DeFrance after he exercised his procedural right to notice up defenses under Rule 12.3 Fed. R. Crim. P. without considering or disclosing the exculpatory material set forth in ECF No. 63.

## CONTACT WITH OPPOSING COUNSEL

Government counsel, Jennifer S. Clark, opposes this motion on behalf of the United States.

///

///

## <u>CONCLUSION</u>

WHEREFORE based on this motion and the brief that supports it (ECF No.

70), the second superseding indictment ought to be dismissed or the Court should

order some other appropriate sanction.

RESPECTFULLY SUBMITTED this 20th day of December, 2021.

/s/ Michael Donahoe
MICHAEL DONAHOE
Deputy Federal Defender
Counsel for Defendant

6

## CERTIFICATE OF SERVICE
## L.R. 5.2(b)

I hereby certify that on December 20, 2021, a copy of the foregoing document

was served on the following persons by the following means:

__1__        CM-ECF

__2__        Mail

1.    CLERK, UNITED STATES DISTRICT COURT

1.    JENNIFER S. CLARK
      Assistant United States Attorney
      United States Attorney's Office
      105 E. Pine, 2nd Floor
      P.O. Box 8329
      Missoula, MT  59807
          Counsel for the United States of America

2.    MICHAEL BLAKE DeFRANCE
      Defendant

                  /s/ Michael Donahoe
                  FEDERAL DEFENDERS OF MONTANA