**§9-11-233, United States Attorney's Manual**:

> In *United States v. Williams*, 112 S.Ct. 1735 (1992), the Supreme Court held that the Federal courts' supervisory powers over the grand jury did not include the power to make a rule allowing the dismissal of an otherwise valid indictment where the prosecutor failed to introduce substantial exculpatory evidence to a grand jury. It is the policy of the Department of Justice, however, that when a prosecutor conducting a grand jury inquiry is personally aware of substantial evidence that directly negates the guilt of a subject of the investigation, the prosecutor must present or otherwise disclose such evidence to the grand jury before seeking an indictment against such a person. While a failure to follow the Department's policy should not result in dismissal of an indictment, appellate courts may refer violations of the policy to the Office of Professional Responsibility for review.

**§9-11-152, United States Attorney's Manual**:

It is not altogether uncommon for subjects or targets of the grand jury's investigation, particularly in white-collar cases, to request or demand the opportunity to tell the grand jury their side of the story. While the prosecutor has no legal obligation to permit such witnesses to testify, *United States v. Leverage Funding System, Inc.*, 637 F.2d 645 (9th Cir. 1980), *cert. denied*, 452 U.S. 961 (1981); *United States v. Gardner*, 516 F.2d 334 (7th Cir. 1975), *cert. denied*, 423 U.S. 861 (1976)), a refusal to do so can create the appearance of unfairness. Accordingly, under normal circumstances, where no burden upon the grand jury or delay of its proceedings is involved, reasonable requests by a "subject" or "target" of an investigation, as defined above, to testify personally before the grand jury ordinarily should be given favorable consideration, provided that such witness explicitly waives his or her privilege against self-incrimination, on the record before the grand jury, and is represented by counsel or voluntarily and knowingly appears without counsel and consents to full examination under oath.

Such witnesses may wish to supplement their testimony with the testimony of others. The decision whether to accommodate such requests or to reject them after listening to the testimony of the target or the subject, or to seek statements from the suggested witnesses, is a matter left to the sound discretion of the grand jury. When passing on such requests, it must be kept in mind that the grand jury was never intended to be and is not properly either an adversary proceeding or the arbiter of guilt or innocence. *See, e.g.*, *United States v. Calandra*, 414 U.S. 338, 343 (1974).