**JENNIFER S. CLARK**
**Assistant U.S. Attorney**
**P.O. Box 8329**
**Missoula, MT 59807**
**105 E. Pine, 2nd Floor**
**Missoula, MT  59802**
**Phone at  (406) 542-8851**
**FAX at  (406) 542-1476**
**E-mail at  Jennifer.Clark2@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**MISSOULA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>vs.<br><br>**MICHAEL BLAKE DEFRANCE,**<br><br>Defendant. | CR 21-29-M-DLC<br><br>**UNITED STATES' REPLY TO DEFENDANT'S OPTIONAL SUPPLEMENTAL BRIEF** |

INTRODUCTION

Michael DeFrance moved the Court on November 19, 2021, for leave to file additional pre-trial motions in relation to the Second Superseding Indictment by December 20, 2022.  Doc. 62.   The basis for this motion was the receipt of emails

1

between the government and ATF employees. Three days later, this Court granted DeFrance leave to file "additional pretrial motions addressing various issues by December 20, 2021." Doc. 64. DeFrance filed his motion, and the government responded.

DeFrance then asserted in his reply brief "that there is absolutely no question that had the NICS examiner documents (ECF No. 63) been disclosed within a reasonable time of the government having received them the content of those papers would have been woven into both Mr. DeFrance's briefing on his right to assert affirmative defenses and his lack of notice challenge." Doc. 74 at 6.

DeFrance raised the affirmative defenses of public authority, entrapment by estoppel, and innocent intent. The government filed a motion to preclude those defenses on the grounds that they do not apply in this case. Doc. 37.

This Court issued an order on January 11, 2022, allowing DeFrance the opportunity to weave those papers into a supplemental brief regarding the United State's motion in limine concerning his defenses. Doc. 76 at 2.

///

///

///

///

**ARGUMENT**

I. **DeFrance's failure to "weave" information from Doc. 63 into his response to the government's motion in limine demonstrates that he has not suffered any prejudice in the timing of disclosure of ATF emails.**

DeFrance filed a twelve-page supplemental brief but failed to argue the relevance of the ATF emails contained in Doc. 63 in response to the government's motion in limine to exclude his affirmative defenses. The only assertion related to the motion in limine is that he would have added "actual government employees" to his Rule 12.3(4)(B) disclosure. However, the ATF employees in Doc. 63 are not representatives from NICS, which is the agency that performs the background check on a prospective firearm purchaser. As the case law cited in DeFrance's response to the motion in limine states, "the defendant must show that the government affirmatively told him the proscribed conduct was permissible." Doc. 45 at 3. For arguments sake, that government agency was NICS --not ATF.

Further, DeFrance misrepresents the contents of the documents, alleging that DeFrance was "arguably proceeded" on five occasions. Doc. 78 at 2-3. The government assumes he is referring to Analyst Pickles' statement that he cannot tell if the transaction was proceeded or left in delayed status by looking at the "NTN" referenced in points 1, 2, and 4 in the "ANR" which is the ATF system for

3

NICS denials.[1] Doc. 63 at 2. He could surmise that it would be one of those two options because the data was purged pursuant to regulation. At no time did he allege or speculate that DeFrance was proceeded.

DeFrance also asserts that the government "discovered for itself that ATF personnel actually deemed Mr. DeFrance to not be a prohibited person." Doc. 78 at 4. It appears this contention comes from Analyst Pickles' statement that the transfers were done legally. Doc. 63 at 3. It is clear that he is stating that the FFL is allowed to transfer the firearm after the three-day waiting period and that it is not an opinion on the legality of DeFrance's ability to purchase or possess them.

DeFrance's contentions ignores the legal requirements for the FFL to record the NICS response on the 4473 form. Taking his assertions to their logical conclusion, the Cash 1 Pawn employees would have incorrectly completed their documentation when they recorded NICS responses on the 4473 forms.[2] Doc. 63 at 7, 11, 15, 20, and 23. If DeFrance had been "proceeded" on all occasions, then they would have recorded as such. DeFrance is calling into question the credibility of the witnesses supporting his defense.

---

[1] NTN refers to "NICS Transaction Number." ANR refers to "ATF NICS Referral" system, which is where NICS transmits all denials to be processed. www.https://oig.justice.gov/reports/2016/a1632.pdf at 8, 16.

[2] https://ucr.fbi.gov/nics/federal-firearms-licensees/nics-firearms-licensee-manual at 20-23.

## II.   DeFrance raised new arguments that are not relevant to this response, were waived, and should be denied.

DeFrance raised new arguments in this supplemental filing, which are identified below:

- Rule 8
- Statute of limitations
- As-applied challenge
- Late discovery

In each, DeFrance asserts that he could not raise them because of the late disclosure of Doc. 63. However, he moved the Court to file additional pre-trial motions based on Doc. 63 and failed to assert any of these contentions. Even if he had raised them, his arguments would fail.

**Rule 8:** Defendant asserted in his Opposed Motion to Dismiss Second Superseding Indictment that the "documents set forth in ECF no. 63 are no doubt relevant, *even to the charge in the original indictment brought against Mr. DeFrance.*" Doc. 69 at 3 (emphasis in original). Defendant essentially concedes that joinder is appropriate. DeFrance did not file a pre-trial motion to sever on December 20, 2021.

**Statute of Limitations:** DeFrance takes issue with Count I referencing dates he alleges are outside the statute of limitations. Doc. 78 at 6. The original

5

indictment was filed on July 28, 2021, charging prohibited person in possession of firearms and ammunition. Doc. 2. A return of an indictment tolls the statute of limitations with respect to the charges contained in the indictment. *United States v. Pacheco*, 912 F. 2d 297, 305 (9th Cir. 1990). If a superseding indictment broadens or substantially amends the charges, the statute is not tolled in relation to those charges. *Id*. However, where the count in the original indictment is duplicated verbatim in a superseding indictment, the defendant cannot claim he lacked notice. *Id., citing United States v. Jones*, 816 F.2d 1483, 1487 (10th Cir. 1987) (the date of the original indictment controls for purposes of the statute of limitations). Here, DeFrance was charged with possessing a firearm while being a prohibited person. The dates alleged in Count I provide sufficient notice of the scope of the charges. The government need only prove that the crime occurred on a date reasonably near the one alleged in the indictment and not on an exact date. *United States v. Tsinhnahijinnie*, 112 F.3d 988, 991 (9th Cir. 1997). When time is not a material element of an offense, a defendant is not prejudiced by a showing that their conduct was reasonably near the indictment date. *See United States v. Harrison-Philpot*, 978 F.2d 1520, 1526 (9th Cir. 1992). The dates provide notice to DeFrance of the timeframe of his alleged conduct so he can develop a defense. Even if the Court determines that Count I includes a date outside the statute of

limitations, the charge is valid because it covers the timeframe within the statute of limitations. DeFrance is not prejudiced. DeFrance did not file a pre-trial motion to dismiss based on the statute of limitations on December 20, 2021.

**As-applied challenge:** DeFrance asserts that had he received Doc. 63 sooner, he would have made an "as-applied" challenge. Doc. 78 at 8-9. ("The point here is that had the suppressed discovery been promptly disclosed the defense challenges would have been different."). DeFrance fails to establish how the timing of the disclosure impacted his ability to file this motion. Again, DeFrance received this information on November 19, 2021 and had leave to file any additional challenges on December 20, 2021.

**Late disclosure:** DeFrance asserts that he received late discovery of Jermain Charlo's interview during the investigation of the PFMA in 2013, which relates to the relationship status between DeFrance and Charlo during the time of the underlying and prohibiting PFMA. The recording of Charlo's interview was received by the U.S. Attorney's Office on September 9, 2021, and it was produced five business days later to Defrance, which was September 16, 2021. This recording relates to trial issues, and even assuming the evidence is admissible, Defrance has the recording well before trial. No late disclosure occurred.

7

## CONCLUSION

DeFrance was given the opportunity to address any issues he believed resulted from the timing of the disclosure of emails from ATF regarding the regulations governing NICS retention of information and any comments made by ATF. DeFrance was provided leave to file additional pre-trial motions and to supplement his responses. DeFrance has made no new arguments. The Court should deny his motion to dismiss and grant government's motion in limine.

DATED this 1st day of February, 2022.

LEIF M. JOHNSON
United States Attorney

*s/ Jennifer S. Clark*
Jennifer S. Clark
Assistant U. S. Attorney

## **CERTIFICATE OF COMPLIANCE**

Pursuant to D. Mont. LR 7.1(d)(2) and CR 47.2, the attached Brief in Support of Motion to Reconsider Defendant's Motion to Suppress is proportionately spaced, has a typeface of 14 points or more, and the body contains 1420 words.

/s/ *Jennifer S. Clark*
JENNIFER S. CLARK
Assistant U.S. Attorney