MICHAEL DONAHOE
Deputy Federal Defender
Federal Defenders of Montana
Helena Branch Office
50 West 14th Street, Suite 1
Helena, Montana 59601
Phone: (406) 449-8381
Fax: (406) 449-5651
Email:  michael_donahoe@fd.org
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL BLAKE DeFRANCE,<br><br>Defendant. | CR 21-29-M-DLC<br><br>DEFENDANT DeFRANCE'S NOTICE OF SUPPLEMENTAL AUTHORITY L.R. CR 47.4 |

**NOTICE**

Pursuant to L.R. CR 47.4, the Defendant, Mr. DeFrance, respectfully submits this Notice of Supplemental Authority to address a disagreement that developed during the recent oral argument in this case on February 23, 2022, before the Court in Missoula. During the course of the oral argument the government took the position that material *Brady* type information need only be disclosed at a reasonable

1

time before trial. Government counsel went on to state something to the effect that she was "surprised" to learn that disclosure right before trial could be sufficient. Defense counsel on the other hand argued that disclosure in real time is necessary. Moreover, the timing of the disclosure seemed to be an important point for the Court during the course of the February 23rd oral argument. As well as whether the 4473 Forms could have ben found by the government itself.

According to the attached law review article Rule 3.8 differs from *Brady* in that the latter contains a materiality component whereas the former does not. *See attached* 66 Drake L. Rev. 307, 327-328 (Drake Law Review, Second Quarter 2018):

> As the ABA Standing Committee on Ethics and Professional Responsibility concluded in a 2009 formal opinion, "This ethical duty is separate from disclosure obligations imposed under the Constitution, statutes, procedural rules, court rules, or court orders." While these disclosure obligations may overlap, concludes the opinion, Model Rule3.8(d) is not a codification of *Brady v. Maryland*. In fact, Model Rule3.8 requires disclosure of evidence or information favorable to the defense without regard to materiality. The formal opinion concluded that the prosecutor's ethical duty under Model Rule3.8 is broader in scope than the constitutional requirements under *Brady*. Essentially, *Brady* requires a determination that the evidence would likely produce a different outcome at trial (materiality), but the ethical rule requires disclosure without regard to the impact at trial.
>
> 66 Drake L. Rev. 307, 327-328
> (Drake Law Review, Second Quarter 2018).

RESPECTFULLY SUBMITTED this 2nd day of March, 2022.

/s/ Michael Donahoe

## CERTIFICATE OF SERVICE
## L.R. 5.2(b)

I hereby certify that on March 2, 2022, a copy of the foregoing document was served on the following persons by the following means:

  1      CM-ECF

  2      Mail

1. CLERK, UNITED STATES DISTRICT COURT

1. JENNIFER S. CLARK
   Assistant United States Attorney
   United States Attorney's Office
   105 E. Pine, 2nd Floor
   P.O. Box 8329
   Missoula, MT  59807
         Counsel for the United States of America

2. MICHAEL BLAKE DeFRANCE
         Defendant

                                       /s/ Michael Donahoe
                                       FEDERAL DEFENDERS OF MONTANA