IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 21–29–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| MICHAEL BLAKE DEFRANCE, | |
| Defendant. | |

Before the Court is Defendant Michael Blake DeFrance's Unopposed Motion to Continue Trial and Trial Brief Deadline and Set Scheduling Conference. (Doc. 96.) The Court held a telephonic status conference concerning the motion on May 31, 2022. The Court will grant the motion.

A district court may grant a continuance and exclude the time period of the continuance from the calculation of the speedy trial deadline when "the ends of justice served by [the continuance] outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In determining whether an "ends of justice continuance" is appropriate, a district court must consider, inter alia, whether the failure to grant the continuance will result in a miscarriage of justice; whether the case is so unusual or complex that it is unreasonable to expect adequate preparation within the time limits imposed by the Speedy Trial Act; and

1

whether the case, while not inordinately complex or unusual, would deny the defendant continuity of counsel or would deny counsel the reasonable time necessary for effective preparation. *Id*. § 3161(h)(7)(B).

An "ends of justice continuance . . . must be specifically limited in time[] and . . . must be justified on the record with reference to the facts as of the time the delay is ordered." *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997) (internal quotation marks, alterations, and citation omitted). Any additional time is properly excluded under the Speedy Trial Act "only if the district court makes certain findings enumerated in [§ 3161(h)(7)]." *Bloate v. United States*, 559 U.S. 196, 203 (2010).

Mr. DeFrance argues a continuance is necessary pursuant because his counsel is set to represent a defendant in another trial set for June 6, 2022 before this Court, and the parties agree that the other trial is best positioned to go forward on that date. (Doc. 96 at 2.) He further asserts that a continuance would permit a break between the trials and additional investigative measures. (*Id.*) Mr. DeFrance is currently released and desires to waive his speedy trial rights through a rescheduled trial date in the interest of better pretrial preparation. (*Id.* at 3.) The United States does not oppose the motion. (*Id.*) The Court agrees a continuance is warranted.

Specifically, the Court finds that, although this case is not "so unusual or

complex . . . that it is unreasonable to expect" a case to be tried within 70 days, 18 U.S.C. § 3161(h)(7)(ii), the failure to grant a continuance would unreasonably deny Mr. DeFrance reasonable time necessary for effective preparation. *Id.* § 3161(h)(7)(iv). The ends of justice served by permitting Mr. DeFrance a continuance to accommodate his counsel's other trial set to proceed on June 6 and to allow for further preparation outweigh the best interests of the public and the defendant in a speedy trial.

Accordingly, IT IS ORDERED that the motion (Doc. 96) is GRANTED. The trial scheduled for June 6, 2022 is VACATED and RESET for August 15, 2022 at 9:00 a.m. in Missoula, Montana.

IT IS FURTHER ORDERED that the trial briefs deadline is VACATED and RESET for August 9, 2022.

The Court's previous scheduling order (Doc. 18) otherwise remains in full force and effect.

DATED this 31st day of May, 2022.

_____
Dana L. Christensen, District Judge
United States District Court