MICHAEL DONAHOE
Deputy Federal Defender
Federal Defenders of Montana
Helena Branch Office
50 West 14th Street, Suite 1
Helena, Montana 59601
Phone: (406) 449-8381
Fax: (406) 449-5651
Email: michael_donahoe@fd.org
Attorneys for Defendant

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL BLAKE DeFRANCE,<br><br>Defendant. | CR 21-29-M-DLC<br><br>**DEFENDANT DeFRANCE'S OPPOSED _SEALED_ MOTION FOR GUARDIAN AD LITEM, HEARING AND/OR ANY OTHER APPROPRIATE RELIEF THE COURT DEEMS NECESSARY** |

### INTODUCTION AND FACTUAL STATEMENT

At approximately 3:10 p.m. on Thursday, June 2, 2022, Mr. DeFrance contacted the undersigned's office indicating that a Child Protective Service (CPS) worker, Lindsey Angelo, from Missoula County contacted him about his two children: Thomas DeFrance (D/O/B/ 7/11/2014) and Jacob DeFrance (D/O/B/ 12/18/2015). Ms. Angelo said there was a concern about the children's welfare, but

1

would not say why there was a concern.  In other words, Ms. Angelo would not disclose who initiated the CPS investigation or the reason why.

As it turns out, Mr. DeFrance's children had been interviewed at their school earlier that day without Mr. DeFrance's knowledge.  Moreover, when Mr. DeFrance picked up his children from school that afternoon on June 2, 2022, Thomas told Mr. DeFrance that someone was asking him questions about his "mom", which would be Jermain Charlo, a missing Native American woman, and mother of Thomas and Jacob.  Neither of the children know much about their mother who has been missing for four (4) years.

After the initial interview by CPS at the children's school, which was conducted without Mr. DeFrance's knowledge, Mr. DeFrance received a call from CPS worker Lindsey Angelo who requested Mr. DeFrance bring Thomas to a newly scheduled interview to examine him (presumably for injuries) and to conduct a "forensic" interview of Thomas.  After the call with Ms. Angelo ended, Mr. DeFrance's children told him (Mr. DeFrance) that Ms. Angelo asked them questions in the interview regarding the whereabouts of Jermain, if they had seen Jermain, if they knew what happened to Jermain, if Mr. DeFrance had talked about what happened to Jermain or where she is.  The children continued on stating that Ms. Angelo mentioned Mr. DeFrance received tickets and went to jail on this alleged firearms case.  Mr. DeFrance immediately called Ms. Angelo back to ask her why

his children were even questioned about Jermain and Ms. Angelo denied ever asking

the children questions about Jermain, or where she is, or what happened to her.

The undersigned contacted Ms. Angelo, the CPS worker, who was strident.

The undersigned requested whether the scheduled interview could be "postponed"?

Ms. Angelo was not receptive to this suggestion, but the parties managed to end the

call in a cordial manner, with the understanding that Mr. DeFrance would reschedule

the interview for what we thought would be a physical examination of Thomas and

a forensic interview to determine if Thomas was being abused.  Following the phone

call with Ms. Angelo, the undersigned contacted counsel for the government,

Jennifer S. Clark, at approximately 4:30 p.m. on June 2, 2022, who indicated that

the United States knew nothing regarding any CPS investigation.

Meanwhile, Mr. DeFrance took the children to their regular pediatrician for

examination.  Their pediatrician said both children looked fine.  (*See* Progress Note

regarding Thomas marked as Exhibit A; and Progress Note regarding Jacob marked

as Exhibit B).  Moreover, Thomas' medical record attached here as Exhibit A, page

2, indicated that Thomas suffered a playground injury that could be confirmed by

his teacher.  That confirmation is attached here as Exhibit C.

Monday, June 13, 2022, was the day for the rescheduled CPS interview.  Mr.

DeFrance called the undersigned prior to the interview asking if he should attend.

The undersigned advised Mr. DeFrance to take Thomas to the interview,

reasoning that cooperation with the investigation was the way to go.  Especially considering that the pediatrician saw no cause for concern; and likewise given the fact that at the original interview of the children at the school (the one where Mr. DeFrance had no notice) CPS allowed both children to return home.  As we saw it, allowing the children to return home *after* that first *ex parte* interview at a minimum implied that there was no evident, immediate threat or danger posed to the children by remaining in their home.

Accordingly, Mr. DeFrance ushered Thomas to this rescheduled CPS interview, all the while thinking it concerned CPS having received a complaint that the children were being abused.  However, when Mr. DeFrance arrived at the interview he was informed that Task Force Officer (TFO) Guy Baker with the Montana Regional Violent Crime Task Force and the CPS worker, Ms. Angelo, were present to interview Thomas.  Mr. DeFrance quickly departed and contacted the undersigned, without authorizing TFO Guy Baker or Ms. Angelo interview Thomas.  TFO Guy Baker is involved in this instant federal firearms case, as well as the State's missing person/homicide investigation regarding Jermain Charlo. Furthermore, on information and belief, the undersigned states that apparently after Mr. DeFrance postponed the first scheduled meeting to interview Thomas, CPS worker Ms. Angelo contacted United States Probation Officer, Mark Henkel,

seeking some unspecified assistance from Probation Officer Henkel to have Mr.

DeFrance cooperate with the on-going CPS investigation.

## MOTION FOR GUARDIAN AD LITEM AND/OR OTHER
## APPROPRIATE RELIEF THE COURT DEEMS NECESSARY

COMES NOW the Defendant, Mr. DeFrance, by and through his undersigned

counsel, and moves the Court to conduct a closed hearing wherein TFO Guy Baker

and CPS worker Lindsey Angelo be ordered to explain how and why a CPS

investigation has arisen concerning Thomas and Jacob.  And more particularly, why

Mr. DeFrance's United States Probation Officer, Mark Henkel, had to be contacted.

Also, the defense respectfully submits that the Court should order TFO Guy Baker

to explain why he is involved in both this federal firearms prosecution and the CPS

and/or missing person/homicide investigation regarding Jermain Charlo.  And

whether or not he is using this federal prosecution as a tool to conduct his State

investigation or *vice-a-versa*.

Furthermore, pursuant to 18 USC §3509(h), Mr. DeFrance requests that the

Court appoint a guardian ad litem for both Thomas and Jacob from the roster of CJA

counsel.

In a popular podcast entitled "Stolen" in which TFO Baker participates rather

extensively, he states that " . . . I know the truth" [1]; presumably that Mr. DeFrance

---

[1] *See* "Stolen", end of Episode 3.

murdered Jermain Charlo.  However, to weaponize this federal firearms prosecution to prove that "truth" is frankly unconscionable.

### CONTACT WITH OPPOSING COUNSEL

Assistant United States Attorney Jennifer S. Clark has been contacted regarding this motion and the government does object to it.

### CONCLUSION

WHEREFORE, based on this motion and the brief that supports it (ECF No. 103), the undersigned prays the Court will set this matter for a closed hearing where CPS worker, Lindsey Angelo, and TFO Guy Baker can be examined as witnesses; that the Court will appoint a guardian ad litem for each child, pursuant to 18 USC §3509(h); and any other relief the Court deems appropriate.

RESPECTFULLY SUBMITTED this 15th day of June, 2022.

/s/ Michael Donahoe
MICHAEL DONAHOE
Deputy Federal Defender
Counsel for Defendant

# CERTIFICATE OF SERVICE
## L.R. 5.2(b)

I hereby certify that on June 15, 2022, a copy of the foregoing document was

served on the following persons by the following means:

  1        CM-ECF

  2        Mail

1.     CLERK, UNITED STATES DISTRICT COURT

1.     JENNIFER S. CLARK
Assistant United States Attorney
United States Attorney's Office
105 E. Pine, 2nd Floor
P.O. Box 8329
Missoula, MT  59807
     Counsel for the United States of America

2.     MICHAEL BLAKE DeFRANCE
     Defendant

/s/ Michael Donahoe
FEDERAL DEFENDERS OF MONTANA