MICHAEL DONAHOE
Deputy Federal Defender
Federal Defenders of Montana
Helena Branch Office
50 West 14th Street, Suite 1
Helena, Montana 59601
Phone: (406) 449-8381
Fax: (406) 449-5651
Email: michael_donahoe@fd.org
Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL BLAKE DeFRANCE,<br><br>Defendant. | CR 21-29-M-DLC<br><br>**DEFENDANT DeFRANCE'S _SEALED_ BRIEF IN SUPPORT TO OPPOSED MOTION FOR GUARDIAN AD LITEM, HEARING AND/OR ANY OTHER APPROPRIATE RELIEF THE COURT DEEMS NECESSARY** |

**INTRODUCTION**

Mr. DeFrance has moved the Court to appoint a guardian ad litem for his children, a hearing and/or other appropriate relief (ECF No. 102). This brief supports that motion.

///

///

1

# ARGUMENT

In *Anderson v. United States*, 318 U.S. 350 (1993), a county sheriff acting without authority under state law arrested suspects thought to have vandalized federally owned power lines during a labor dispute. The sheriff allowed these suspects to be interrogated for several days by FBI Agents. After the suspects confessed, they were arrested and arraigned on federal charges. These confessions were admitted into evidence against all defendants at trial. The Supreme Court reversed all of the convictions, however, because the confessions were the improperly secured product of an impermissible "working arrangement" between state and federal officers. 318 U.S. at 356. And important to our purposes here "the fact that the federal officers themselves were not guilty of illegal conduct does not affect the evidence which they secured improperly through collaboration with state officers." *Id*. (citation omitted).

The CPS investigation here is being conducted, in part at least, by a federal task force officer who investigated both this case and the Jermain Charlo missing person/homicide case. Through CPS worker, Lindsey Angelo, Mr. DeFrance has become the object of suspicion in a child abuse matter, which appears to have been inspired not by a genuine child abuse allegation but by the need to interrogate Mr. DeFrance's children about the disappearance of Jermain Charlo. However, this apparent ruse could cause consequences in this federal case.

First, Mr. DeFrance is released in this case on conditions, one of which is to remain law abiding. If there is a *bona fide* child abuse complaint it should be investigated, and Mr. DeFrance stands ready to cooperate with that investigation if there is a real need for one. However, under present circumstances, there is a legitimate concern on Mr. DeFrance's part that the subtext of this investigation is to put him in a position to have his release revoked for failure to cooperate with a CPS investigation that, at a minimum, looks suspect.

Second, after the *ex parte* interview conducted on Thomas without Mr. DeFrance's knowledge Thomas told Mr. DeFrance that he (Thomas) was questioned by a CPS worker at school during the lunch hour about his mother. And in the course of this telling, Thomas said that the subject of "Jermain" was brought up as well as someone being shot, and money being stolen and put into a briefcase.

Another issue here is whether the state sovereign's persistence in conflating the disappearance of Jermain Charlo with Mr. DeFrance's prosecution in this case for illegal firearm possession is fair play and comports with due process. Is the goal here to have Mr. DeFrance sentenced in federal court to ten (10) years? *See e.g., United States v. Jones*, 313 F.3d 1019 (7th Cir. 2012) (application of Guidelines cross-reference for homicide in felon in possession case upheld); *United States v. Grant*, 15 F.4th 432 (6th Cir. 2021) (cross-reference for attempted murder in §922(g)(1) case upheld); *also see United States v. Patrie*, 794 F.3d 998 (8th Cir.

2015), *vacated on other grounds* 136 S. Ct 2539 (2016) (first degree murder cross-reference upheld). *Cf.* "When a judge's finding based on a mere preponderance of the evidence authorizes an increase in the maximum punishment, it is appropriately characterized as "a tail which wags the dog of the substantive offense." *McMillan*, 477 U.S., at 88." *Apprendi v. New Jersey*, 530 U.S. 466, 495 (2000).

## CONCLUSION

WHEREFORE, the undersigned prays the Court will set this matter for a closed hearing where CPS worker, Lindsey Angelo, and TFO Guy Baker can be examined as witnesses; that the Court will appoint a guardian ad litem for each child, pursuant to 18 USC §3509(h); and any other relief the Court deems appropriate.

RESPECTFULLY SUBMITTED this 15th day of June, 2022.

/s/ Michael Donahoe
MICHAEL DONAHOE
Deputy Federal Defender
Counsel for Defendant

# CERTIFICATE OF SERVICE
## L.R. 5.2(b)

I hereby certify that on June 15, 2022, a copy of the foregoing document was served on the following persons by the following means:

__1__       CM-ECF

__2__       Mail

1. CLERK, UNITED STATES DISTRICT COURT

1. JENNIFER S. CLARK
   Assistant U.S. Attorney
   U.S. Attorney's Office
   District of Montana
   105 E. Pine, 2nd Fl.
   P.O. Box 8329
   Missoula, MT 59807
       Counsel for the United States of America

2. MICHAEL BLAKE DeFRANCE
       Defendant

                                        /s/ Michael Donahoe
                                        FEDERAL DEFENDERS OF MONTANA