MICHAEL DONAHOE
Deputy Federal Defender
Federal Defenders of Montana
Helena Branch Office
50 West 14th Street, Suite 1
Helena, Montana 59601
Phone: (406) 449-8381
Fax: (406) 449-5651
Email:  michael_donahoe@fd.org
Attorneys for Defendant

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL BLAKE DeFRANCE,<br><br>Defendant. | CR 21-29-M-DLC<br><br>DEFENDANT DeFRANCE'S<br>MOTION FOR LEAVE<br>TO FILE MOTION FOR<br>RECONSIDERATION<br>L.R. 7.3 |

## MOTION FOR LEAVE TO FILE
## MOTION FOR RECONSIDERATION

COMES NOW Defendant, Mr. DeFrance, by and through his counsel of record, Michael Donahoe, and the Federal Defenders of Montana, and moves the Court for leave to file a motion to reconsider its previous rulings which denied one of his motions to dismiss, in part, on the grounds that the categorical approach has no role in determining whether a "boyfriend" was a prohibited person which, at this

1

writing, is the former version of 18 USC §922(g)(9), as further defined by former §921(a)(33)(A).  (Addendum at pages 1-2).

Furthermore, Mr. DeFrance seeks leave to have the Court reconsider its previous rulings that there is no legislative history or intent that a federal §922(g)(9) offense should have differing sets of elements, based on whether the predicate offense includes a relationship element.  (ECF No. 71 at page 25).  And finally, Mr. DeFrance moves the Court for leave to reconsider its ruling that former §922(g)(9) and §921(a)(33)(A)were neither unconstitutionally vague nor failed to furnish adequate due process notice.  (ECF No. 71 at page 40-41).

## GROUNDS FOR THIS MOTION

In satisfaction of L.R. 7.3(b), counsel states recent congressional amendments to §921(a)(33)(A) show that the now previous version of that statute was never intended to apply to dating couples in a boyfriend/girlfriend relationship. Furthermore, under the Supreme Court's recent decisions in *United States v. Taylor*, 142 S.Ct. 2015 (June 21, 2022) and *New York Rifle & Pistol Association , Inc., v. Bruen*, __ U.S. __, 2022WL2251305 (June 23, 2022), Mr. DeFrance's previous motions to dismiss under the categorical approach and/or for failure of due process notice/vagueness arguments ought to be reconsidered because current legal events show that the facts and/or applicable law are materially different from the facts and/or law that the parties presented before entry of the Court's previous orders.

Moreover, the laws' recent development suggests that there are new material facts which have arisen; and/or a significant change in law has occurred, since the Court's entry of the orders we seek to have reconsidered.  *Cf.* L.R. 7.3(b)(1) and (2).

## DISCUSSION

In its previous rulings this Court held as follows:

> There is no basis in the text of the statute or legislative history and intent for a conclusion that the federal offense should have differing sets of elements based on whether the predicate offense includes a relationship element.
>
> . . .
>
> The Court concludes that *Nobriga* and *Hayes* foreclose Mr. DeFrance's argument that the Court should engage in a categorical approach comparison of the relationship elements of his predicate offense and § 921(a)(33)(A)(ii) because the federal statute's definition of qualifying relationships is an element of the § 922(g)(9) offense, which the United States must prove beyond a reasonable doubt at trial. *Hayes*, 555 U.S. at 418, 129 S. Ct. 1079; *Nobriga*, 474 F.3d at 563–64.

(ECF No. 71, pages 25-26).

These rulings ought to be reconsidered for two reasons.

First, because by its recent amendment of 18 USC §921(a)(33(ii) adding the term "Dating Relationship" to the other relationships covered by the federal statute Congress displays clear evidence by negative implication that, as legislatively crafted initially, §922(g)(9) was never intended to apply to the relational context of a dating relationship.  Put another way, by adding the "Dating Relationship" element

3

to the text of §921(a)(33)(A)(ii) Congress intended to change the meaning of the statute to apply to a situation to which it was never intended to apply in the first place. *Cf. United States v. Rosser*, 528 F.2d 652, 655 (D.C. Cir. 1976) (deleting essential element from the definition of a crime changes the meaning of the statute). Where, as here, Congress adds to the statute to effect application to a new and different context (*i.e.*, "Dating Relationship") it follows that the previous version of the statute was not intended to cover that situation in the first place.

Relatedly, the Court should reconsider its previous decisions under the Supreme Court's recent decision in *United States v. Taylor*, 142 S. Ct. 2015 (June 21, 2022). Mr. Taylor, a Fourth Circuit defendant, was convicted on his guilty plea for conspiring to, and attempting to, commit a *Hobbs Act* robbery. In addition, Mr. Taylor pled guilty to a separate violation of 18 USC §924(c) (using a gun during a crime of violence), allowing both his *Hobbs Act* conspiracy offense and his attempted *Hobbs Act* robbery offense to serve as the predicate(s) for that §924(c) conviction.

After the Supreme Court ruled that the "residual clause" of §924(c) was unconstitutionally vague, Mr. Taylor sought to upend his §924(c) conviction by arguing that neither the *Hobbs Act* conspiracy, nor *Hobbs Act* attempted robbery, satisfied the elements clause set forth in the statute (*i.e.*, §924(c)). Important to our purpose here, the Supreme Court in *Taylor* ruled:

> The parties may not see eye to eye on the outcome of this case, but they at least agree on how we should go about deciding it. To determine whether a federal felony may serve as a predicate for a conviction and sentence under the elements clause, they say, we must apply a "categorical approach." We must because the clause poses the question whether the federal felony at issue "has as an element the use, attempted use, or threatened use of physical force".
>
> 142 S.Ct. 2015 attached hereto as<br>Addendum page 7, highlighted section).

Considering that we now know as a result of the recent amendments to 18 USC §921(a)(33)(A) that Congress never intended for a misdemeanor domestic violence conviction (founded on a dating relationship) to deny firearms rights this Court ought to reconsider whether to apply the categorical approach in Mr. DeFrance's case or not. The recent legislative changes to 18 USC §921(a)(33)(A) not only change the law moving forward, but also alter understanding of the reach of the previous version of 18 USC §922(g)(9).

A close reading of *Taylor* strongly suggests that the Supreme Court and the government agree that the categorical approach applies even where the "predicate" is alleged to have occurred at the same time as the firearm enhancement (the §924(c)) sought to be proved. Although a subtle point, the broader implications of *Taylor* suggest that even where the firearm at issue was actually used by an accomplice to shoot an individual during the attempted robbery, the Court nevertheless felt constrained under the usual categorical approach not to consider that fact and instead

5

compare the elements of both alleged offenses (the attempted robbery and the firearms counts).  At a minimum, *Taylor* strongly implies that where liability for one crime depends on the character of a different crime the elements of each must first be compared to each other without regard for the facts.  In other words, the categorical approach always applies in situations where a predicate "conviction" is necessary to support liability for another offense.

Congress predicates a §922(g)(9) violation on a prior "conviction" not prior conduct.  And here, the Montana misdemeanor "conviction" that the government wants to use, arises under a 2011 Montana statute which contains an indivisible relationship element that authorized conviction on the basis of a dating relationship; a type of relationship that has only recently been added to the text of the §921(a)(33)(A) relationship definition.  In *United States v. Sullivan*, 797 F.3d 623, 638 (9th Cir. 2015), the Court expressly held that "where language and historical context tug in favor of a narrower reading" the categorical approach can still apply. *Id*., quoting *Mellouli v. Lynch*, 135 S.Ct. 1980, 1990 (2015).

In *Mellouli* a lawful immigrant resident was convicted of a misdemeanor offense for storing Adderall tablets in his sock under a Kansas law, which made it unlawful "to use or possess with intent to use any drug paraphernalia" to conceal a controlled substance. *Id.* at 1983–84 (quoting Kan. Stat. Ann. §21–5709(b)).  "At the

6

time of Mellouli's conviction, Kansas' schedules included at least nine substances not included in the federal lists." *Id.* at 1984.

The Eighth Circuit upheld the determination that the offense was a crime "associated with the drug trade in general"; and since there was "nearly a complete overlap between the drugs controlled under state and federal law." *Id.* at 1988–89 (internal quotes marks omitted).  The Supreme Court reversed concluding that both the BIA and the Eighth Circuit erred by failing to give effect to the parenthetical limiting controlled substances to those "defined in section 802 of Title 21." *Id.* at 1990–91. The Court reached this conclusion by applying the categorical approach based this determination and on its analysis of the statutory language and its historical context.

When considered together the recent amendments to §921(a)(33)(A), along with the parting comments of the Supreme Court in *Mellouli*, four ideas become clear:

> (1) Under the previous version of §922(g)(9) Congress never intended to extend a lifetime firearm ban to partner assaults based on  "dating" relationships.

> (2) The decision not to apply the usual categorical analysis to Mr. DeFrance's situation fails to honor this express reveal of Congressional intent in the recent §921(a)(33)(A) amendments, since in the words of *Mellouli* it severs the connection between what Congress intended from the actual  Montana predicate that Mr. DeFrance was convicted for.

7

(3) Under either the usual categorical approach or the modified categorical approach, or both, (depending on the divisibility analysis) Mr. DeFrance was not previously "convicted" of a misdemeanor crime of domestic violence resulting in a lifetime firearms ban, which is a statutory prerequisite for a §922(g)(9) prosecution.

(4) Combining prior assault convictions obtained under statutes with no relationship element, as in the Supreme Court's *Hayes* decision, with prior assault convictions where the statute contains a relationship element that does not conform to the federal qualifying relationship definitions in §921(a)(33)(A), is double error since it unforeseeably extends the reasoning in *Hayes* to situations Congress never intended; and it encourages, as this case illustrates, the re-litigation of factual matters often settled long ago for reasons having little or nothing to do with public safety.

Both the language of the statute (§921(a)(33)(A)) and the historical context have changed. The newly minted §922(g)(9) offense confirms that historically Congress never intended to sweep dating couples within the reach of §922(g)(9). Of course, the new law changes that but at the same time the new law clarifies that dating couples were not to be captured for permanent loss of firearms rights under the previous version of §922(g)(9). This is especially so here because under the new law it is clear that Mr. DeFrance was never intended to be a prohibited person as a result of his 2013 Montana PFMA conviction.

Next, we address Mr. DeFrance's previous vagueness and fair notice contentions. On those claims the Court ruled as follows:

> In sum, Sections 921(a)(33)(A) and 922(g)(9) are not unconstitutionally vague on their face or as applied because they provide sufficient notice to ordinary persons of what conduct is prohibited and provide minimal guidelines to govern law enforcement. *See Kolender*, 461 U.S. at 357–58; *Bohonus*, 628 F.2d at 1173–75.

(ECF No. 71, page 41).

The new legislation warrants reconsideration of these rulings. This is an easy case from a due process notice/fair warning point of view for two reasons. First, because the 2011 Montana PFMA statute contains an indivisible relationship element that includes dating partners. This point stands uncontradicted. As such the modified categorical approach does not apply because the Montana 2011 PFMA law is overinclusive *vis-à-vis* the previous version of 18 USC §921(a)(33)(A), *See Descamps v. United States*, 570 U.S. 54 (2013) (holding that modified categorical approach cannot be used to determine the nature of a prior conviction when the crime of conviction has an indivisible element). As a result of the recent amendments, we now know for certain that the dating relationship has been added to the list of indivisible "means" set forth in §921(a)(33)(A) and that the 2011 version of the Montana PFMA statute and the new federal law are a categorical match. Hence, from a due process/fair warning perspective, it proves reasonable that Mr. DeFrance's interpretation that he was not a prohibited person should be afforded deference under the rule of lenity. *United States v. Lanier*, 520 U.S. 259, 266-267 (1997) (detailing the three manifestations of the fair warning requirement).

9

In closing, the Court should also consider the Supreme Court's June 23, 2022, decision styled as *New York Rifle & Pistol Association , Inc., v. Bruen*, __ U.S. __, 2022WL2251305. In *Bruen*, the Supreme Court re-tools the analysis to conclude that the Second Amendment protects the right to bear arms both inside and outside the home. As relevant to our request for leave to file a motion for reconsideration, this is a factor because under the new amendments to §921(a)(33)(A) the "boyfriend loophole" may be closed, but the wider implication that it did not exist under the previous iteration of §922(g)(9) puts Mr. DeFrance clearly with the protected class of persons identified in the *Bruen* decision. Stated a little differently, the gravity of the right at stake here (protection under the Second Amendment) should be a consideration in deciding whether the categorical approach should be applied in Mr. DeFrance's case or not. Especially considering that by passing the new amendments to clarify that the "boyfriend loophole" is closed, extreme constitutional caution should be used to conclude that the categorical approach does not apply.

## CONTACT WITH OPPOSING COUNSEL

Government counsel, Jennifer S. Clark, opposes this motion on behalf of the United States.

## CONCLUSION

WHEREFORE, Mr. DeFrance prays the Court will grant leave to reconsider its previous ruling in this case (ECF No. 71) which denied his motions to dismiss (ECF Nos. 14, 15, 16, 17. 43 and 44), allow for further briefing, hold a hearing, and order appropriate relief.

RESPECTFULLY SUBMITTED this 1st day of July, 2022.

/s/ Michael Donahoe
MICHAEL DONAHOE
Deputy Federal Defender
Counsel for Defendant

# CERTIFICATE OF SERVICE
## L.R. 5.2(b)

I hereby certify that on July 1, 2022, a copy of the foregoing document was served on the following persons by the following means:

  1    CM-ECF

  2    Mail

1. CLERK, UNITED STATES DISTRICT COURT

1. JENNIFER S. CLARK
   Assistant United States Attorney
   United States Attorney's Office
   105 E. Pine, 2nd Floor
   P.O. Box 8329
   Missoula, MT  59807
       Counsel for the United States of America

2. MICHAEL BLAKE DeFRANCE
       Defendant

/s/ Michael Donahoe
FEDERAL DEFENDERS OF MONTANA