IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 21–29–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| MICHAEL BLAKE DEFRANCE, | |
| Defendant. | |

Before the Court is Defendant Michael Blake DeFrance's Motion for Leave to File Motion for Reconsideration. (Doc. 105.) Although the motion states that the United States opposes the motion, no response was filed. (*Id.* at 10.)

Mr. DeFrance first contends that Congress's recent amendment of 18 U.S.C. § 921(a)(33)(i) to include "a person who has a current or recent former dating relationship with the victim" demonstrates that "it is clear that Mr. DeFrance was never intended to be a prohibited person as a result of his 2013 Montana PFMA conviction." (Doc. 105 at 2–8.) However, whether Mr. DeFrance's relationship with the victim of the 2013 PFMA offense was "similarly situated to a spouse," as included in the prior version of § 921(a)(33)(i), or a "dating relationship," as included in the latest version of the statute, is an issue of fact that must be resolved based on evidence presented at trial. Accordingly, the Court will defer ruling on

1

this issue until after trial.

Second, Mr. DeFrance contends that the amendment to § 921(a)(33)(i) warrants reconsideration of the Court's prior ruling that the statute was not unconstitutionally vague on its face or as applied, because the amendment (1) renders the relationship elements of the current federal statute and Montana's 2011 PFMA statute a categorical match, and (2) "proves reasonable that Mr. DeFrance's interpretation that he was not a prohibited person should be afforded deference under the rule of lenity."  (Doc. 105 at 8–9.)  The Court is not persuaded that Congress's amendment to the federal statute requires reconsideration of the Court's holding that the prior version of the statute is not so unconstitutionally vague that dismissal of the indictment is required as a matter of law for the reasons stated in the Court's order on Mr. DeFrance's motions to dismiss.  (Doc. 71 at 36–41.)  As the Court previously concluded, "[t]o the extent a particular defendant contends that his relationship with the victim of his predicate offense lies at the outer margins of a relationship 'substantially similar' to a spouse, parent, or guardian, he may present supporting evidence or argue that the government has not met its burden of proving that element to a jury.  However, the Court cannot say as a matter of law that the relationship element unconstitutionally permits arbitrary enforcement or that such arbitrariness is evident here, where the record establishes that Mr. DeFrance acknowledged he had a boyfriend-girlfriend relationship with

the victim of his PFMA offense." (*Id.* at 40.) Accordingly, the Court will defer ruling on this issue until after trial.

Third and finally, Mr. DeFrance argues that the Court should consider the Supreme Court's recent decision in *New York Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), in which the Court held that the Second Amendment protects the right to bear arms both inside and outside the home and that means-end scrutiny does not apply in the Second Amendment context, in assessing the import of Congress's amendment to § 922(a)(33)(i) and in deciding whether to apply the categorical approach in Mr. DeFrance's case. (Doc. 105 at 10.) The Court concludes that the Supreme Court's holding in *Bruen* does not undermine the binding Supreme Court and Ninth Circuit precedent on which the Court relied in holding that any mismatch between the relationship definitions of the federal statute and the state statute setting forth the defendant's predicate offense is not a basis for invalidating the indictment. (Doc. 71 at 25–28.) The precedents on which this Court relied involved statutory interpretation of § 922(a)(33)(i) and § 922(g)(9), while *Bruen* concerned the constitutionality of restrictions on carrying firearms in public.

Accordingly, IT IS ORDERED that the motion (Doc. 105) is DENIED insofar as it seeks pretrial briefing, argument, or other relief, and the Court will RESERVE RULING as to the legal issues raised in the motion.

DATED this 26th day of July, 2022.

_____

Dana L. Christensen, District Judge
United States District Court