MICHAEL DONAHOE
Deputy Federal Defender
Federal Defenders of Montana
Helena Branch Office
50 West 14th Street, Suite 1
Helena, Montana 59601
Phone: (406) 449-8381
Fax: (406) 449-5651
Email: michael_donahoe@fd.org
Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**MISSOULA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 21-29-M-DLC |
| Plaintiff, | |
| vs. | **DEFENDANT DeFRANCE'S BRIEF IN SUPPORT OF OPPOSED MOTION TO VACATE TRIAL DATE TO ALLOW FOR APPEAL OR IN THE ALTERNATIVE WRIT OF MANDAMUS APPLICATION TO BE FILED IN THE NINTH CIRCUIT** |
| MICHAEL BLAKE DeFRANCE, | |
| Defendant. | |

**INTRODUCTION**

Michael Blake Defrance (Mr. DeFrance), by and through his attorney Michael Donahoe, and the Federal Defenders of Montana, hereby submits the following brief in support of his opposed motion to vacate the trial date.

///

///

1

## BACKGROUND

This is a firearms case brought under 18 USC §922(g)(9).  It is scheduled for bench trial to commence on August 15, 2022, before the Court in Missoula.  In a recent filing (ECF No. 105) Mr. DeFrance requested that the Court allow reconsideration briefing on previous rulings of the Court one of which, in summary, exempts §922(g)(9) from application of the categorical approach where the state domestic violence statute does contain a relationship aspect that covers "dating" couples.

## ARGUMENT

This circumstance (in our view) renders the Montana domestic violence statute under which Mr. DeFrance was convicted overinclusive and, therefore, ineligible for use as a predicate for a §922(g)(9) charge.  *See Descamps v. United States*, 570 U.S. 254, 261 (2013) (holding that the "courts look *only* to the fact of conviction and the statutory definition of the prior offense) (emphasis added).

To put this in more specific terms relevant to the categorical approach, since the 2011 Montana PFMA statute under which Mr. Defrance was convicted covers "dating" relationships as an indivisible means for conviction, such renders the Montana statute overinclusive *vis-à-vis* 18 USC §921(a)(33)(A)(iii).  The Court's July 26, 2022, order (ECF No. 111) denying permission to file for reconsideration

and instead ordering that the August 15th trial proceed has been discussed with Mr. DeFrance. Mr. DeFrance indicates his desire to appeal the order to the Ninth Circuit.

The undersigned has explained to Mr. DeFrance that such an appeal would have to qualify jurisdictionally in the Ninth Circuit under the "collateral order" doctrine as a direct appeal. *See Abney v. United States*, 431 U.S. 651, 659 (1977). Under the collateral order doctrine, a district court's order is reviewable if it conclusively determines an important issue completely separate from the merits of the action that would effectively be unreviewable on appeal after entry of a final judgment. *Will v. Hallock*, 546 U.S. 345, 349 (2006). If the collateral order exception does not apply jurisdiction would have to arise under the All-Writs Act. Whether a writ of mandamus should be granted is determined case-by-case, weighing the factors outlined in *Bauman v. United States Dist. Court,* 557 F.2d 650 (9th Cir. 1977). These are whether (1) the party seeking the writ has no other means, such as a direct appeal, of attaining the desired relief, (2) the petitioner will be damaged in a way not correctable on appeal, (3) the district court's order is clearly erroneous as a matter of law, (4) the order is an oft-repeated error, or manifests a persistent disregard of the federal rules, and (5) the order raises new and important problems, or issues of law of first impression. *Id.* at 654-55. As guidelines the *Bauman* factors should not be mechanically applied. *See Admiral Ins. Co. v. United States Dist. Court,* 881 F.2d 1486, 1491 (9th Cir. 1989).

3

Evidence showing that all the *Bauman* factors are affirmatively presented by a case does not necessarily mandate the issuance of a writ, nor does a showing of less than all, indeed of only one, necessarily mandate denial; instead, the decision whether to issue the writ is within the discretion of the appellate court. *See Kerr v. United States Dist. Court,* 426 U.S. 394, 403, (1976). *Cole v. U.S. Dist. Court for Dist. of Idaho*, 366 F.3d 813, 816-17 (9th Cir. 2004).

The deadline to perfect a direct appeal of the Court's order regarding reconsideration under the collateral order doctrine is August 9, 2022, and Mr. DeFrance intends to file that notice of appeal on or before that date. Moreover, from previous experience the undersigned is aware that once that notice of appeal is filed and the Ninth Circuit assigns a cause number the appeals court will likely generate an order to show cause directing the defense to show why the appeal should not be dismissed on jurisdictional grounds. Hence that would be Mr. DeFrance's initial opportunity to argue both the collateral order doctrine and possible jurisdiction under *Bauman*. Inasmuch as trial is less than two weeks away the undersigned thought it would be disrespectful to simply file a notice of appeal which will transfer jurisdiction to the Ninth Circuit, without first at least attempting to explain what Mr. DeFrance intends insofar as his appeal/writ application process is concerned.

Respectfully, we think that the Court's decision not to apply the categorical approach to the relationship aspect of Mr. DeFrance's Montana PFMA predicate

alleged in the indictment implicates Mr. DeFrance's "right not to be tried" under *Midland Asphalt Corp. v. United States*, 489 U.S. 794 (1989). If Mr. DeFrance's trial goes forward on August 15th there would be no way to undo that on direct appeal by post trial application of the categorical approach. Stated differently, the categorical approach can give rise to the "right not to be tried". In other words, a post-trial remedy would fail to safeguard Mr. DeFrance's "right not to be tried" in the first instance. A right closely related to the protection the double jeopardy clause affords. Plus, under the *Bauman* decision cited earlier, the question whether the categorical approach should be applied to the "relationship" aspect of Mr. DeFrance's case is an important question of first impression that apparently no court has yet to resolve. Thus, there are meritorious points to raise on both the collateral order jurisdictional prong and likewise on the *Bauman* factors jurisdictional prong.

## CONCLUSION

WHEREFORE, Mr. DeFrance prays the Court will vacate the bench trial currently set for August 15, 2022, and reset it after the Ninth Circuit proceedings have resolved, if necessary.

RESPECTUFLLY SUBMITTED this 2nd day of August, 2022.

/s/ Michael Donahoe
MICHAEL DONAHOE
Deputy Federal Defender
Counsel for Defendant

# CERTIFICATE OF COMPLIANCE

I hereby certify that this brief is in compliance with Local Rule 7.1(d)(2) (as amended). The brief's line spacing is double-spaced, and is proportionately spaced, with a 14-point font size and contains less than 6,500 words. (Total number of words: 955 excluding tables and certificates).

DATED this 2nd day of August, 2022.

/s/ Michael Donahoe
MICHAEL DONAHOE
Deputy Federal Defender
Counsel for Defendant

## CERTIFICATE OF SERVICE
### L.R. 5.2(b)

I hereby certify that on August 2, 2022, a copy of the foregoing document was

served on the following persons by the following means:

___1___ CM-ECF

___2___ Mail

1. CLERK, UNITED STATES DISTRICT COURT

1. JENNIFER S. CLARK
   TIMOTHY J. RACICOT
   Assistant United States Attorneys
   U.S. Attorney's Office
   District of Montana
   105 E. Pine, 2nd Fl.
   P.O. Box 8329
   Missoula, MT  59807
          Counsel for the United States of America

2. MICHAEL BLAKE DeFRANCE
          Defendant

          /s/ Michael Donahoe_____
          FEDERAL DEFENDERS OF MONTANA