IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 21–29–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| MICHAEL BLAKE DEFRANCE, | |
| Defendant. | |

Before the Court is Defendant Michael Blake DeFrance's Motion to Vacate Trial Date to Allow for Appeal or in the Alternative Writ of Mandamus Application to be Filed in the Ninth Circuit. (Doc. 115.) The motion requests that the Court vacate the trial set for August 15, 2022, so that Mr. DeFrance may appeal to the Ninth Circuit the Court's order of July 26, 2022 (Doc. 111), denying his motion for leave to file a motion for reconsideration (Doc. 105). (Docs. 115, 116.) The Court construes this motion as a motion to stay these proceedings pending resolution of any appellate proceedings, and the Court will deny the motion.

Stays impede "the ordinary processes of administration and judicial review," and consequently "[are] not a matter of right, even if irreparable injury might otherwise result to the" party seeking appellate review. *Nken v. Holder*, 556 U.S. 418, 427 (2009). Instead, stays are "an exercise of judicial discretion . . .

1

dependent upon the circumstances of the particular case." *Id.* at 433. Mr. DeFrance bears the burden of demonstrating "that the circumstances justify an exercise of that discretion." *Id.*

Four factors guide the Court's analysis: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 434; *see also Powertech Tech. Inc. v. Tessera, Inc.*, 2013 WL 1164966, *1 (N.D. Cal. 2013) (applying this standard to stays pending petition for writ of mandamus). "The first two factors . . . are the most critical." *Nken*, 556 U.S. at 434. After considering the following factors, the Court finds Mr. DeFrance has not justified imposition of a stay.

    **A.    Likelihood of Success on the Merits**

Mr. DeFrance recognizes that, in order to be immediately appealable, this Court's order denying the motion for leave to file a motion for reconsideration to the extent it sought pretrial reconsideration (Doc. 111) must fall within the collateral order exception to the final-judgment rule. *Abney v. United States*, 431 U.S. 651, 657 (1977). A collateral order must "constitute a complete, formal, and, in the trial court, final rejection of a criminal defendant's . . . claim" and must be "collateral to, and separable from the principal issue at the accused's impending

criminal trial, i.e., whether or not the accused is guilty of the offense charged." *Id.* at 659. The latter factor includes a defendant "contesting the very authority of the Government to hale him into court to face trial on the charge against him." *Id.* For the defendant to have "a right not to be tried[,]" there must be "an explicit statutory or constitutional guarantee that trial will not occur[,]" as distinguished from a right whose remedy requires dismissal of charges, *e.g.*, when the only evidence against the defendant was seized in violation of the Fourth Amendment. *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 801 (1989).

Mr. DeFrance also acknowledges that, if the Court's order does not satisfy the collateral order exception, he would have to seek a petition for writ of mandamus. (Doc. 116 at 3.) Getting a petition for writ of mandamus granted is no easy task. *In re Orange, S.A.*, 818 F.3d 956, 961 (9th Cir. 2016) (Ninth Circuit must be "firmly convinced that the district court has erred and that petitioner's right to the writ is 'clear and indisputable'"). The Ninth Circuit will consider five factors, none of which are determinative, and not all of which need weigh in Mr. DeFrance's favor. *Id.* These include whether: (1) petitioner has no other adequate means of appellate review; (2) petitioner will be damaged in a way "not correctable on appeal;" (3) the district court clearly erred as a matter of law; (4) the district court committed an "oft-repeated error;" and (5) the order at issue "raises new and important problems, or issues of law of first impression." *Id.*

The Court finds that Mr. DeFrance is unlikely to succeed on the merits of his appeal or petition for writ of mandamus because binding Supreme Court and Ninth Circuit precedent holding that the relationship element of a prosecution under 18 U.S.C. § 922(g)(9), 18 U.S.C. § 921(a)(33)(A), is an element of the federal offense forecloses his argument that the Court should apply the categorical approach to compare the federal relationship definition with the elements of the predicate state domestic violence conviction. *United States v. Hayes*, 555 U.S. 415, 418 (2009) ("[T]he domestic relationship [defined by 18 U.S.C. § 921(a)(33)(A)], although it must be established beyond a reasonable doubt in a § 922(g)(9) firearms possession prosecution, need not be a defining element of the predicate offense."); *id.* at 426 ("To obtain a conviction in a § 922(g)(9) prosecution, the Government must prove beyond a reasonable doubt that the victim of the predicate offense was the defendant's current or former spouse or was related to the defendant in another specified way."); *United States v. Nobriga*, 474 F.3d 561, 563–64 (9th Cir. 2006) (holding that because "the domestic relationship element . . . is an element of the *federal* offense under § 922(g)(9), to be proven at trial[,]" any "mismatch between the [state] and federal domestic violence statutes is not a basis for invalidating the indictment"), *abrogated on other grounds by Voisine v. United States*, 136 S. Ct. 2272 (2016). This precedent also raises serious doubts concerning whether Mr. DeFrance can persuade the Ninth Circuit that he has a statutory or constitutional

4

right not to be tried on this charge, as necessary to satisfy the collateral order exception to the final judgment rule and establish appellate jurisdiction, and whether he can satisfy the third, fourth, and fifth mandamus factors.

As to the first mandamus factor, the Court finds that there is not any obvious reason why Mr. DeFrance could not advance his categorical approach argument on appeal if he is convicted. As to the second factor, while it is true that an appeal cannot remedy the harm of forcing a defendant to go to trial when he has a right not to be tried for the offense charged, the binding precedent on this issue makes it exceedingly unlikely that the Ninth Circuit or Supreme Court would adopt Mr. DeFrance's argument that predicate offenses without relationship elements and predicate offenses with relationship elements should be treated fundamentally differently by the courts for purposes of permitting or dismissing § 922(g)(9) prosecutions.

Accordingly, the Court finds that Mr. DeFrance has not made a strong showing of likelihood of success on the merits.

**B.  Irreparable Injury to Mr. DeFrance**

For the same reasons, the Court finds that Mr. DeFrance will not likely be subjected to irreparable injury if a stay is not issued pending resolution of his appeal or petition for writ of mandamus. Although it is not impossible that the Ninth Circuit or Supreme Court would reverse course and would begin to treat the

relationship element of a § 922(g)(9) prosecution predicated on a state offense with a relationship element differently from § 922(g)(9) prosecutions predicated on state offenses with no relationship element, and thus it is possible that Mr. DeFrance could have a statutory right not to be tried on this charge, a showing of "some possibility of irreparable injury . . . fails to satisfy the second [stay] factor." *Nken*, 556 U.S. at 434–35. This factor weighs against granting a stay.

    **C.    Substantial Injury to the United States and Public Interest**

The Court need not consider the harm to the United States and the public interest because Mr. DeFrance has failed to satisfy the first two factors. *See Nken*, 556 U.S. at 435. However, the Court notes that Mr. DeFrance's motion was filed thirteen days before the scheduled trial in this matter, and this case has been pending for more than one year in large part because of significant motions practice, including prior litigation of the issue being raised here. Further delaying this trial to permit relitigation of an argument foreclosed by binding precedent would be contrary to the public's interest in a speedy trial.

Accordingly, IT IS ORDERED that the motion (Doc. 115) is DENIED.

DATED this 3rd day of August, 2022.

                                                                         */s/ Dana L. Christensen*
                                                                         Dana L. Christensen, District Judge
                                                                         United States District Court