**JENNIFER S. CLARK**
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 8329
Missoula, MT 59807
Phone: (406) 542-8851
FAX: (406) 542-1476
Email: Jennifer.Clark2@usdoj.gov

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br>vs.<br><br>**MICHAEL BLAKE DEFRANCE,**<br><br>Defendant. | CR 21-29-M-DLC<br><br>**UNITED STATES' BRIEF IN SUPPORT OF OPPOSED MOTION TO MAINTAIN TRIAL DATE** |

Defendant Michael DeFrance filed a motion for leave to file a motion to reconsider the Court's order denying his motion to dismiss the indictment. Docs. 105, 71. The Court denied his motion. Doc. 11. Defendant then filed a motion to vacate the trial set for August 15, 2022. Docs. 115, 116. This Court denied the motion. Doc. 117. Defendant has now filed a notice of appeal. Doc. 118. The

1

government files this motion requesting trial remain set on August 15, 2022, as this Court is not divested of jurisdiction by the filing of frivolous appeal of frivolous motions.

## I. FACTUAL BACKGROUND

Defendant has been indicted for one count of prohibited possession of a firearm after a conviction for a misdemeanor crime of domestic violence and three counts of false statements in acquisition of firearms. Docs. 2, 21, 55. Defendant filed a motion to dismiss the indictment, arguing that Montana's partner or family member assault (PFMA) statute is an indivisible and unconstitutional noncategorical version of 18 U.S.C. § 921(a)(22(A)ii). Doc. 16. This court denied the motion on December 29, 2021. Doc. 71.

On July 1, 2022, Defendant filed a motion for leave to file a motion for this Court to reconsider its decision, arguing that the congressional amendment to 18 U.S.C. § 921(a)(33)(A)(ii) that added dating relationships to the categories of predicate convictions that prohibited gun possession changed the landscape of this case. Doc. 105.

This Court denied the motion in part on July 26, 2022. Doc. 111. The Court rejected DeFrance's argument that amendments to 18 U.S.C. § 921(a)(33)(i) disturb the Court's ruling that whether DeFrance's relationship with the victim of the 2013 PFMA offense was "similarly situated to a spouse" was an issue of fact.

*Id.* at 1. The Court originally held that "[t]he ultimate issue to be determined in this prosecution is whether he was convicted of a misdemeanor crime of domestic violence that he committed as 'a person similarly situated to a spouse. . . of the victim.'" Doc. 71 at 27. Accordingly, the Court denied the motion "insofar as it seeks pretrial briefing, argument, or other relief," and reserved ruling on the legal issues. Doc. 111 at 3.

DeFrance filed a motion to vacate trial so he could appeal the denial of the motion for leave to file a motion to reconsider. Docs. 115-116. This Court denied the motion on August 3, 2022, finding that defendant's appeal likely would be unsuccessful on the merits or petition for writ of mandamus because of binding Supreme Court and Ninth Circuit precedents and that he was unlikely appeal to meet the criteria for appeal. Doc. 117. Defendant filed a notice of appeal of both motions. Doc. 118.

## II. ARGUMENT

As an initial matter, it is important to be clear that DeFrance has not raised a timely challenge to the Court's denial of his motion to dismiss on December 29, 2021. The time for DeFrance to file such an appeal, even if he had grounds to do so, has long since passed. *See* Fed. R. App. P. Rule 4(b)(1)(A); *United States v. Eccles*, 850 F.2d 1357 (9th Cir. 1988) (holding that the circuit court lacked jurisdiction to hear untimely interlocutory appeal). DeFrance's motion for leave to

3

file a motion for reconsideration does not revive the time to appeal the underlying motion. *See United States v. Sprenkle*, No. 21-10146, 2022 WL 262169, at *1 (Jan. 19, 2022) ("motion for reconsideration tolls the time to appeal the underlying order only if it is filed within the time for appeal" (citing *United States v. Beldarde*, 300 F.3d 1177, 1180 (9th Cir. 2002)).

Accordingly, the only potential claim on appeal is whether the Court abused its discretion in denying in part DeFrance's motion for leave to file motion for reconsideration. But, of course, the Court did not deny DeFrance's motion for reconsideration on the merits, only denied leave to file pretrial briefing. Doc. 111 at 3.

Thus, DeFrance's appeal cannot get off the ground. He is too late to challenge the denial of his motion to dismiss. He is too early to make a challenge regarding his motion for reconsideration—upon which this Court has not ruled. And the Court's order denying his request for pretrial review of his motion for reconsideration pre-trial is not a final appealable decision. *United States v. Layton*, 645 F.2d 681, 683 (9th Cir. 1981) (for a pre-trial order to be immediately appealable "there must be a complete, formal and final rejection of the party's claim in the trial court"). Moreover, whatever merit there may be that DeFrance's claim that his motion to dismiss implicates his right not to be tried—and he cites no support even for that proposition, *see* Doc. 116 at 5—there is certainly no right

4

to pre-trial consideration of motion to dismiss. *See Layton*, 645 F.2d at 684 (a challenge to jurisdiction of the court is a right that can be fully vindicated by post judgment appeal). DeFrance also cannot establish that his claim is "wholly collateral to, and separable from . . . the guilt or innocence of the defendant." *Layton*, 645 F.2d at 683.

Because DeFrance cannot meet the criteria for an interlocutory appeal, his motions and appeal are frivolous. Ordinarily, an appeal divests the district court of jurisdiction, such as a meritorious claim that would result in irreparable harm. *LaMere*, 951 F.2d at 1108. However, an interlocutory appeal of a frivolous motion will not divest a court of jurisdiction, and trial may proceed. *Id.* at 1106. The Ninth Circuit in *Lamere* adopted the dual jurisdiction rule in *United States v. Dunbar*, 611 F.2d 985 (5th Cir. 1980) (An appeal from the denial of a frivolous double jeopardy motion does not divest the district court of jurisdiction to proceed with trial, if the district court has found the motion to be frivolous). The district court in *LaMere* was justified in finding the double-jeopardy motion frivolous based on long-standing case law. *Id*. at 1109. Thus, the district court did not lose jurisdiction to proceed with trail notwithstanding the filing of his notice of appeal. *Id.*

Likewise, an appeal may be so baseless that it does not invoke appellate jurisdiction. *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989). Defendants

5

who play games with a district court's schedule forfeit their entitlement to a pre-trial appeal. *Id*. A district court is not helpless in the face of manipulation and may certify that an appeal is frivolous. *Id*. If the Court certifies that the motion or appeal is frivolous, jurisdiction is not divested. *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992).

This Court has found that the defendant is unlikely to be successful on the merits of the appeal or petition for a writ of mandamus. Doc. 117 at 4. This Court found that binding precedent requires the government to prove beyond a reasonable doubt that the victim of the predicate offense was in a qualifying relationship. *Id*. The recent addition of dating relationships to § 921(a)(33)(A)(ii) does not change what the indictment alleges and what the government must prove. Nor does it change the application of binding precedent.

This Court found that serious doubts that DeFrance can show that he has a right not be tried on this charge and that he will not likely be subject to irreparable injury if the trial proceeds. *Id*. at 4-5. He is attempting to appeal from an order that is not final, on a claim that is not wholly collateral and separate from his guilt or innocence, and that is not grounded on a right which will be lost. The appropriate method to address the Court's rulings is through a direct appeal after judgment.

///

## III.  CONCLUSION

Because DeFrance is not entitled to collateral appeal and the motions to the district court have no merit, this Court can deem the motions and interlocutory appeal frivolous and maintain jurisdiction to proceed to trial on August 15, 2022.

DATED this 5th day of August, 2022.

JESSE A. LASLOVICH
United States Attorney

*/s/ Jennifer S. Clark*
JENNIFER S. CLARK
Assistant U.S. Attorney

**CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. CR 12, I hereby certify that the foregoing document is proportionately spaced, has a typeface of 14 points or more, and the body of the brief contains 1321 words.

DATED this 5th day of August, 2022.

>*/s/ Jennifer S. Clark*
>Assistant U.S. Attorney
>Attorney for the Plaintiff