MICHAEL DONAHOE
Deputy Federal Defender
Federal Defenders of Montana
Helena Branch Office
50 West 14th Street, Suite 1
Helena, Montana 59601
Phone: (406) 449-8381
Fax: (406) 449-5651
Email: michael_donahoe@fd.org
Attorneys for Defendant

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> MICHAEL BLAKE DeFRANCE, <br><br> Defendant. | CR 21-29-M-DLC <br><br><br> DEFENDANT DeFRANCE'S TRIAL BRIEF |

## INTRODUCTION

This is a firearms case where the government has charged Michael Blake DeFrance (Mr. DeFrance) with unlawfully possessing firearms and ammunition under 18 USC §922(g)(9) on two specific dates in 2018 (ECF No. 2). This case is presently set for a bench trial in Missoula on August 15, 2022. Following is Mr. DeFrance's trial brief.

1

## BACKGROUND FACTS

On Saturday, April 13, 2013, an officer of the Montana Sanders County Sheriff's Office was dispatched to the Dixon Agency for a suspected Partner Family Member Assault (PFMA) against Mr. DeFrance's then girlfriend, Jermain Charlo, who was then 17 years old. Mr. DeFrance, who was then 19 years old, was arrested the next day. A few weeks after that, Mr. DeFrance pleaded guilty to the charge and was sentenced on May 6, 2018. The Sanders County Justice Court docket sheet (Exhibit 511) shows Mr. DeFrance served his sentence allowing the Court file to close on January 14, 2014. In June of 2018, Mr. DeFrance became the object of suspicion in the disappearance of Jermain Charlo from the 2013 PFMA. During the course of that 2018 investigation law enforcement learned that Mr. DeFrance had been convicted of a Montana PFMA and that he possessed firearms. The original indictment in this case was then filed on July 28, 2021 (ECF No. 2).

During initial defense investigation on the original single count indictmen, which charged only a violation of 18 USC §922(g)(9), we learned that Mr. DeFrance had transacted in firearms on at least five (5) occasions at a local pawn shop. Furthermore, the defense learned that on each of those occasions Mr. DeFrance completed the required ATF Form 4473, which enables the FBI to conduct a background check commonly referred to as a NICS (National Instant Criminal Background System) check. As a matter of reciprocal discovery, and in conjunction

with Mr. DeFrance's assertion of certain defenses (ECF No. 27), the 4473 Forms were provided to the government. Apparently to clarify what the forms meant in the context of this prosecution government counsel emailed ATF personnel. Two ATF employees who have knowledge of the NICS check process (Mr. Stephen Feuerstein and Mr. Dana Pickles) both described the NICS process (Mr. Pickles) and offered a determination that the NICS check on Mr. DeFrance "had been purged and NICS did not complete their investigation properly", resulting in firearms being furnished to Mr. DeFrance who, according to Mr. Feuerstein, is a prohibited person (Exhibit 509).

The sequence of events just described shows two things. That before the government filed the original indictment the government did not know that Mr. DeFrance on five (5) occasions had been cleared after a NICS check to lawfully receive a firearm from the Federal Firearms Licensee (FFL) pawn shop. Furthermore, the sequence shows that not until September 16, 2021, did the government reverse the FBI NICS check determinations that Mr. DeFrance could lawfully receive firearms when Mr. Feuerstein decided *post hoc* that Mr. DeFrance was a prohibited person on the ground that Mr. DeFrance had a Montana PFMA conviction.

///

///

On the one hand, between February 2015 and September 2018, when the 4473 Forms were processed, the FBI NICS checks cleared Mr. DeFrance to possess firearms. On the other hand, well after the NICS checks were processed, the ATF (by way of Mr. Feuerstein) concludes on September 16, 2021 that the NICS checks rendered erroneous conclusions  Important here is the fact that of the five (5) 4473 Forms three (3) of them show that the initial result of the check put Mr. DeFrance in "delayed" status. We expect that at trial Mr. Pickles will testify that "typically' when a 4473 NICS check yields an initial status of "delayed" whoever is working on that will take "a second look" at the background data under consideration.

**OBJECTIONS / POTENTIAL EVIDENCE ISSUES**

The discussion here anticipates evidence issues which may arise based on assumptions concerning the evidence the government intends to offer. These assumptions in other words could be wrong. Hence, we offer our objections provisionally which may or may not be something the Court will have to consider and determine.

Although there is no clear statement in the discovery about this, we received telephone notice from the government that there may be evidence offered through Danielle Matt (Government Bates 348-349) that at some point in time when Jermain Charlo was around fourteen (14) years old her family moved Jermain to New Mexico for a medical procedure. If allowed this evidence would show that Jermain

apparently did have the medical procedure; that supposedly Mr. DeFrance discussed that with Jermain on the phone; and that in fact Jermain continued living in New Mexico, going to high school there for around a year or so, returning to Montana to reside permanently as the New Mexico school year ended in 2012.  We will object to this evidence, if offered, on relevance grounds, foundation grounds, and hearsay grounds.  We will also contend that such evidence is more prejudicial than probative as well.  *See* Fed. R. Ev., Rules 103, 104, 401, and 403.

Another issue for admissibility of evidence will be the defense offering of Exhibits 504, 505, 511, 512, 513, 514, 515, and 516 through Sanders County Deputy Largent.  For the most part Deputy Largent conducted the on the ground investigation of the PFMA on April 13 and April 14, 2013.  There are two "911-calls" we want considered.  The first (Exhibit 513) is the call from Tribal Police to the Sanders County Sheriff's Office explaining that there had been a PMFA complaint reported over which Tribe did not have jurisdiction because Mr. DeFrance is considered non-Native American by the Tribe.  The second "911-call" (Exhibit 515) is from the Sanders County Sheriff's Office, who took the call from Tribe (Exhibit 513), explaining the situation to Deputy Largent for purposes of dispatching Deputy Largent to the site of the reported PMFA so he could arrest and investigate.
///

We want the Court to listen to both of these recordings and contend that Deputy Largent can foundation them both into evidence. Moreover, these recordings are Records of Regularly Conducted Activity and Fed. R. Ev., Rule 803(6); or Public Records under Rule 803(8)(A)(iii) and (B). **Also, the defense will rely on the residual exception to the hearsay rule set forth in Rule 807 and this constitutes our written notice to the government as required under subpart (b) of the Rule.** Likewise, we contend that Deputy Largent's recorded interview of Jermain Charlo on April 13-14, 2013, at 309 Pename Street (her great-grandfather's house) falls under the same hearsay exceptions as well.

## DEFENSES

Mr. DeFrance renews all of his pretrial motions together with their respective supporting briefs (ECF Nos. 14, 15, 16, 17, 31, 32, 43, 44, 52, 69, 70, 74, 105, 106, 115, and 116).

Mr. DeFrance asserts each and every defense set forth in his Notice of Defenses (ECF No. 27). Those are:

- The defense of public authority;

- The defense of entrapment by estoppel; and

- The defense of innocent intent.

///

In addition, Mr. DeFrance asserts the defense of lack of fair warning as outlined in the Ninth Circuit's decision in styled as *United States v. Lewis*, 368 F.3d 1102, 1106 (9th Cir. 2004) and the Supreme Court's decision in *Bouie v. City of Columbia*, 378 U.S. 347 (1964) (holding that unforeseeable judicial enlargement of a criminal statute is akin to an ex post facto law and is prohibited by the Due Process Clause).

Also Mr. DeFrance will claim at trial that the five-year statute of limitations has expired on each and every count in the indictment as set forth in 18 USC §3282 because the government has been aware of Mr. DeFrance's background status since at least February 10, 2015, when Mr. DeFrance filled out what would be the first of five 4473 Forms (Exhibit 508). Thus, any indictment to litigate the "relationship" element set forth in 18 USC §921(a)(33)(A)(ii) ought to have been filed on or before February 9, 2020. Since the original indictment in this case was filed on July 28, 2021, the charges are approximately seventeen (17) months out of time.

## POSSIBLE DEFENSE WITNESSES DEPENDING ON WHO THE GOVENRMENT CALLS

Mr. DeFrance identifies the following possible witnesses, contingent on who the government calls, to include Shane Bartschi (Principle of Charlo School); Claudette Bird (Records Custodian at Two Eagle River School); Robyn F. Largent (Retired Sanders County Deputy Sheriff); Stephen Feuerstein (Investigative Analyst

7

and DFD NICS Coordinator with the United States Department of Justice, Bureau of Alcohol, Tobacco and Firearms); Dana Pickles (Program Analyst in the Denial Enforcement and NICS Intelligence Branch of the United States Department of Justice Bureau of Alcohol, Tobacco and Firearms); Jennifer Morigeau (Jermain Charlo's Mother); Valenda Morigeau (Jermain Charlo's Aunt); Danielle Matt/Garcia (Jermain Charlo's Aunt); Vicki Velarde (Jermain Charlo's grandmother); David Velarde Jr. (Jermain Charlo's step-grandfather); Christian Woody (Jermain Charlo's acquaintance in New Mexico); Colton Monarco (Jermain Charlo's companion in New Mexico); Shawn DeFrance (Mr. DeFrance's Father); Jennifer DeFrance (Mr. DeFrance's Mother); and Detective Guy Baker (Case Agent for the government).

## ANTICIPATED DEFENSE EXHIBIT LIST

At trial, the defense will request admission of the following exhibits. A copy of the Defense's Exhibit Notebook will be hand delivered to Chambers today.

| Description | Exhibit |
|---|---|
| Findings of Fact, Conclusions of Law, and Order And Judgement (dated February 15, 2018 from Tribal Court of the Confederated Salish and Kootenai Tribes of the Flathead Reservation, Pablo, Montana) | 500 |
| Parenting Plan and Child Support Order (dated February 19, 2018 from Tribal Court of the Confederated Salish and Kootenai Tribes of the Flathead Reservation, Pablo, Montana) | 501 |

Jermain Charlo's Two Eagle River School Records ........................ 502

Spotify Original "*Stolen*" Podcast Transcripts re:
Disappearance of Jermain Charlo...................................... 503

April 14, 2013, Audio Recording of
Deputy Largent's Interview of Jermain Charlo............................... 504

April 14, 2013, Transcription of Audio-Recording of
Deputy Largent's Interview of Jermain Charlo............................... 505

September 30, 2021, Audio Recording of
Detective Guy Baker's Interview of Vicki Velarde ......................... 506
September 30, 2021, Transcription of Audio-Recording
of Detective Guy Baker's Interview of Vicki Velarde...................... 507

Mr. DeFrance's ATF 4473 Forms ...................................... 508

*Sealed* Email Chain (ECF No. 63) between
Stephen Feuerstein, Dana Pickles, and Jennifer Clark ..................... 509

Timeline of Events (for illustrative purposes).................................. 510

Sanders County Justice Court Documents ....................................... 511

Deputy Robert F. Largent's April 15, 2013 Case Report................. 512

April 13, 2013, Audio Recording of Tribal 911 Call to
Sanders County Sheriff's Office....................................... 513

April 13, 2013, Transcription of Audio-Recording of
Tribal 911 Call to Sanders County Sheriff's Office.......................... 514

April 13, 2013, Audio Recording of Deputy Largent's
Call to Sanders County Sheriff's Office........................................... 515

April 13, 2013, Transcription of Audio-Recording of
Deputy Largent's Call to Sanders County Sheriff's Office ............. 516

## RULE 29 - FED. R. CRIM. P.

By his not guilty plea and under Rule 29, Fed. R. Crim. P., and *Jackson v. Virginia*, 443 U.S. 307 (1976) Mr. DeFrance contends that the government's evidence is insufficient to convict him on any charge in the second superseding indictment.

## RULE 23(c) – FED. R. CRIM. P.

Mr. DeFrance waives the findings required under this rule if the Court finds Mr. DeFrance <u>not</u> guilty but requests findings if the Court finds Mr. DeFrance guilty.

## CONCLUSION

WHEREFORE, Mr. DeFrance requests this Court take this trial brief into consideration.

RESPECTFULLY SUBMITTED this 5th day of August, 2022.

       /s/ Michael Donahoe
       MICHAEL DONAHOE
       Deputy Federal Defender
       Counsel for Defendant

# CERTIFICATE OF SERVICE
## L.R. 5.2(b)

I hereby certify that on August 5, 2022, a copy of the foregoing document was served on the following persons by the following means:

__1__      CM-ECF

__2__      Mail

1. CLERK, UNITED STATES DISTRICT COURT

1. JENNIFER S. CLARK
   TIMOTHY J. RACICOT
   Assistant U.S. Attorneys
   U.S. Attorney's Office
   District of Montana
   105 E. Pine, 2nd Fl.
   P.O. Box 8329
   Missoula, MT 59807
       Counsel for the United States of America

2. MICHAEL BLAKE DeFRANCE
       Defendant

        /s/ Michael Donahoe
        FEDERAL DEFENDERS OF MONTANA