MICHAEL DONAHOE
Deputy Federal Defender
Federal Defenders of Montana
Helena Branch Office
50 West 14th Street, Suite 1
Helena, Montana 59601
Phone: (406) 449-8381
Fax: (406) 449-5651
Email: michael_donahoe@fd.org
Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**MISSOULA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL BLAKE DeFRANCE,<br><br>Defendant. | CR 21-29-M-DLC<br><br>**DEFENDANT DeFRANCE'S BRIEF IN OPPOSITION TO GOVERNMENT'S MOTION TO MAINTAIN BENCH TRIAL DATE** |

**INTRODUCTION**

      The government has filed a motion arguing that despite Mr. DeFrance's direct appeal of the Court's reconsideration order to the Ninth Circuit this Court nevertheless retains jurisdiction to go forward with Mr. DeFrance's scheduled bench trial on August 15th, 2022 in Missoula. (ECF Nos. 120 – 121). The motion is not well taken and should be denied for the following reasons.

1

# ARGUMENTS

Although our primary argument is that the Court no longer has jurisdiction to proceed with the trial, we acknowledge that even though somewhat counter-intuitive, a federal court always has jurisdiction to determine its own jurisdiction. *See United States v. Ruiz,* 536 U.S. 622, 628 (2002) ("a federal court always has jurisdiction to determine its own jurisdiction."). However that being said the government's arguments supporting this Court's continued jurisdiction despite Mr. DeFrance's now pending direct appeal lack substance.

First is the issue of finality. On this point the government contends that the Court's order on reconsideration is not final and therefore not appealable.

At the conclusion of the reconsideration order the Court states:

Accordingly, IT IS ORDERED that the motion (Doc. 105) is DENIED insofar as it seeks pretrial briefing, argument, or other relief, and the Court will RESERVE RULING as to the legal issues raised in the motion. (ECF No. 111)

While the parties could debate the exact meaning of this artful language what remains crystal clear here is that the Court intends to go forward with the trial on August 15th. Moreover, once the first witness is called on Monday morning jeopardy will attach. *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 569 (1977) (jeopardy attaches when the jury is empaneled and sworn or in a bench trial when the judge begins to receive evidence). Furthermore, lest there be any doubt about the meaning of the above-quoted language, when considered in the wider context of the Court's subsequent

order denying Mr. DeFrance's motion to vacate the trial date (ECF 117), which Mr. DeFrance has likewise appealed, no other clarification is necessary. Clearly the Court intends to go forward with the trial and not allow for reconsideration of Mr. DeFrance's claim that the categorical approach ought to be applied to the "relationship" element at issue in this case.

To be more specific, what makes the Court's reconsideration "final" in the sense of the collateral order doctrine is that once the trial occurs it cannot be undone; which is precisely Mr. DeFrance's point. That is, the "right not to be tried", as that phrasing is used in *Midland Asphalt v. United States,* 489 U.S. 794 (1989), could never be satisfied by conducting the trial and reversing the conviction later. The "right not to be tried" means what it says. In fact, Justice Scalia provides an example stating that the "right not to be tried" could arise when and "indictment is no longer an indictment" *See Midland Asphalt*, 489 U.S. at 802.

This is exactly what effect a proper application of the categorical approach would have in this case: render the indictment no longer an indictment. Consider that it is a pure question of law whether a prior conviction can serve as a predicate for a 922(g) offense. *United States v. McAdory,* 935 F.3d 838, 842 (9th Cir. 2019). Granted, in 2009 under the unique and then existing situation presented by *United States v. Hayes,* 555 U.S. 415 (2009), the Supreme Court chose to adopt the circumstance-specific approach (as opposed to the categorical approach), relative to a West Virginia state statute which

did not contain a "relationship" element, reversing the Fourth Circuit. However, things have changed since *Hayes*. First, in the early phase of §922(g)(9)'s enactment, only about 17 jurisdictions had domestic assault statutes containing a relationship element. *See e.g Barnes*, 254 F.3d 1354, 1364 and n.12). Currently there are 38 such jurisdictions(https://www.ncsl.org/research/human-services/domestic-violence-domestic-abuse-definitions-and-relationships.aspx). Second, some of the current jurisdictions that do have a "relationship" element in their domestic assault laws define those relationships in an over-inclusive manner. As does Montana in the 2011 version of its Partner Family Member Assault (PFMA) statute in Mr. DeFrance's case, by including "dating" or boyfriend-girlfriend relationships. And indeed, the investigative record in Mr. DeFrance's case clearly shows, along with the judicial record, that at the time of the PFMA at issue here the parties had been involved in a dating relationship for about 9 months as boyfriend and girlfriend. But the third and probably most important factor to consider here is that as a result of the recent firearm legislation by the Congress it has become patently clear that under what is now the previous iteration of 18 U.S.C. §921(a)(33)(A)(ii) Congress never intended to capture the boyfriend-girlfriend relationship as one that could support a conviction under the now previous version of §922(g)(9).

Whether or not to apply the categorical approach is a question completely separate from the merits of Mr. DeFrance's case, which is an important criterion of the

collateral order doctrine. And second we respectfully submit that the Court errs in its denial of Mr. DeFrance's motion to vacate the trial date by stating, or at least implying, that Mr. DeFrance fails to raise a constitutional concern relative to his contention that the categorical approach ought to be applied to his Montana PFMA conviction. (ECF No. 117, pp 2-3). This is wrong.

The categorical approach is of paramount importance in the protection of Sixth Amendment values. Moreover, the categorical approach is at least a cousin, if not a sibling, of the double jeopardy clause in that it dispenses with the trial from going forward. Under both *Mellouli v. Lynch*, 135 S.Ct. 1980 (2015) which we briefed in Mr. DeFrance's reconsideration argument (ECF No. 105, pp 6-7) and *Nijhawan v. Holder*, 557 U.S. 29 (2009) determining whether to apply the categorical approach depends on both Congress's intent and the situation at hand. Again things have changed since *Hayes* in that Congress's intent is now clear that the boyfriend-girlfriend relationship cannot support a prosecution under Sec 922(g)(9).

Currently nearly 80% of the states have enacted domestic assault statutes which contain a "relationship" element; as compared to about 20% of the states when *Hayes* was decided. Furthermore by its recent amendment of §921(a)(33)(A) adding intimate dating relationships to the list of prohibited persons it is certain that under the former version of §921(a)(33)(A) the boyfriend-girlfriend dating relationship was never

5

intended to be included in the class of persons subject to automatic revocation of their 2nd Amendment rights under what is now the former version of §922(g)(9).

Any decision not to employ the categorical approach where it does apply can lead to a number of practical and constitutional difficulties. *Shephard v. United States*, 544 U.S. 13 (2005) drives this point home:

> The problem is that "what the state court . . . has been 'required to find'" is debatable. In a nongeneric State, the fact necessary to show a generic crime is not established by the record of conviction as it would be in a generic State when a judicial finding of a disputed prior conviction is made on the authority of *Almendarez-Torres* v. *United States*, 523 U. S. 224 (1998). The state statute requires no finding of generic burglary, and without a charging document that narrows the charge to generic limits, the only certainty of a generic finding lies in jury instructions, or bench-trial findings and rulings, or (in a pleaded case) in the defendant's own admissions or accepted findings of fact confirming the factual basis for a valid plea. In this particular pleaded case, the record is silent on the generic element, there being no plea agreement or recorded colloquy in which Shepard admitted the generic fact.
>
> Instead, the sentencing judge considering the ACCA enhancement would (on the Government's view) make a disputed finding of fact about what the defendant and state judge must have understood as the factual basis of the prior plea, and the dispute raises the concern underlying *Jones* and *Apprendi:* the Sixth and Fourteenth Amendments guarantee a jury standing between a defendant and the power of the State, and they guarantee a jury's finding of any disputed fact essential to increase the ceiling of a potential sentence. While the disputed fact here can be described as a fact about a prior conviction, it is too far removed from the conclusive significance of a prior judicial record, and too much like the findings subject to *Jones* and *Apprendi*, to say that *Almendarez-Torres* clearly

> authorizes a judge to resolve the dispute. The rule of reading statutes to avoid serious risks of unconstitutionality, see *Jones, supra*, at 239, therefore counsels us to limit the scope of judicial factfinding on the disputed generic character of a prior plea, just as *Taylor* constrained judicial findings about the generic implication of a jury's verdict.
>
> *Shepard v. U.S.*, 544 U.S. 13, 25-26 (2005)

And lastly, although we recognize that the public has a right to a speedy trial too, that notion of course would not obtain in a situation where the claim is that no trial should take place in the first place. Using the categorical approach the Court should reach the legal conclusion that the predicate PFMA at issue in this case is over-inclusive vis-à-vis the federal statute and therefore cannot serve as a predicate to support this §922(g)(9) prosecution.

Mr. DeFrance has raised a pretrial claim involving the categorical approach, which if properly applied, would render the "indictment no longer an indictment" within the meaning of *Midland Asphalt*. Furthermore the claim has been denied by this Court and is final because the Court has clearly expressed its intention to go forward with the trial; bringing the order squarely within the "collateral order" exception to the final judgment rule. Consequently, this Court no longer has jurisdiction to proceed with the trial.

## CONCLUSION

The Court's orders which Mr. DeFrance has appealed to the Ninth Circuit are both final and involve the constitutional right not to be tried, as well as the Sixth Amendment protections that application of the categorical approach is designed to protect.

WHEREFORE, the government's motion ought to be denied.

RESPECTFULLY SUBMITTED this 9th day of August, 2022.

/s/ Michael Donahoe
MICHAEL DONAHOE
Deputy Federal Defender
Counsel for Defendant

# CERTIFICATE OF SERVICE
## L.R. 5.2(b)

I hereby certify that on August 9, 2022, a copy of the foregoing document was served on the following persons by the following means:

<u>  1  </u>  CM-ECF

<u>  2  </u>  Mail

1.  CLERK, UNITED STATES DISTRICT COURT

1.  JENNIFER S. CLARK
  Assistant United States Attorney
  United States Attorney's Office
  105 E. Pine, 2nd Floor
  P.O. Box 8329
  Missoula, MT  59807
   Counsel for the United States of America

2.  MICHAEL BLAKE DeFRANCE
   Defendant

          /s/ Michael Donahoe
          FEDERAL DEFENDERS OF MONTANA