IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 21–29–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| MICHAEL BLAKE DEFRANCE, | |
| Defendant. | |

Before the Court is the United States' Opposed Motion to Maintain Trial Date. (Doc. 120.) The United States requests that this Court maintain the August 15, 2022 trial setting in this case, arguing that Defendant Michael Blake DeFrance's Notice of Appeal does not divest this Court of jurisdiction because the Notice of Appeal is untimely, an impermissible interlocutory appeal, and frivolous. (Doc. 121.) Mr. DeFrance responds that the orders he is appealing are final within the meaning of the collateral order doctrine and the Court's decision not to apply the categorical approach to the relationship element of 18 U.S.C. § 921(a)(33)(A)(ii) implicates his right not to be tried, and thus the Court is divested of jurisdiction (except to determine its jurisdiction). (Doc. 125.)

Although the Court found that Mr. DeFrance's appeal and/or application for writ of mandamus were unlikely to succeed when declining to vacate the trial date

1

before the appeal was filed (Doc. 117), that finding does not mean that the appeal is frivolous. To be sure, the Court considers itself bound by Supreme Court and Ninth Circuit precedent concerning the relationship element of 18 U.S.C. § 921(a)(33)(A)(ii). (Doc. 117 at 4–5.) But an argument is not frivolous if it is a good-faith argument "to extend, modify, or reverse the law" of the appellate court. *DeVoll v. Burdick Painting, Inc.*, 35 F.3d 408, 414 (9th Cir. 1994). The Court of Appeals has set forth a briefing schedule that extends well beyond the trial date in this case. (Doc. 119.) Although the United States raises persuasive arguments that the Court is not divested of jurisdiction, the Court will take a cautious approach and vacate the trial setting in this matter to allow the appeals process to continue on the Court of Appeals' timeline.

Accordingly, IT IS ORDERED that the trial set for August 15, 2022 and all associated pending deadlines or hearings are VACATED, to be reset, if necessary, by future order.

IT IS FURTHER ORDERED that the duration of the appellate process shall be excluded from any Speedy Trial Act analysis pursuant to 18 U.S.C. § 3161(h)(1)(C). (*See* Doc. 115 at 1–2.)

DATED this 10th day of August, 2022.

_____
Dana L. Christensen, District Judge
United States District Court