IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL BLAKE DEFRANCE,<br><br>Defendant. | CR 21–29–M–DLC<br><br><br><br>ORDER |

Pursuant to Defendant Michael Blake DeFrance's Unopposed Motion for Scheduling Conference to Set Trial Date (Doc. 135), the Court held a telephonic scheduling conference with counsel for the parties on February 22, 2023. At the conference, the parties consented to a trial date of April 26, 2023.

A district court may grant a continuance and exclude the time period of the continuance from the calculation of the speedy trial deadline when "the ends of justice served by [the continuance] outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In determining whether an "ends of justice continuance" is appropriate, a district court must consider, inter alia, whether the failure to grant the continuance will result in a miscarriage of justice; whether the case is so unusual or complex that it is unreasonable to expect adequate preparation within the time limits imposed by the Speedy Trial Act; and

1

whether the case, while not inordinately complex or unusual, would deny the defendant continuity of counsel or would deny counsel the reasonable time necessary for effective preparation. *Id*. § 3161(h)(7)(B).

An "ends of justice continuance . . . must be specifically limited in time[] and . . . must be justified on the record with reference to the facts as of the time the delay is ordered." *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997) (internal quotation marks, alterations, and citation omitted). Any additional time is properly excluded under the Speedy Trial Act "only if the district court makes certain findings enumerated in [§ 3161(h)(7)]." *Bloate v. United States*, 559 U.S. 196, 203 (2010).

This case was set for a bench trial on August 15, 2022. (Doc. 100.) On August 4, 2022, Mr. DeFrance filed a notice of appeal with the United States Court of Appeals for the Ninth Circuit. (Doc. 118.) The Court of Appeals dismissed the appeal for lack of jurisdiction on February 16, 2023. (Doc. 137.) The mandate of the Court of Appeals has not yet issued. The time from August 4, 2022 to and including the date the mandate issues will be excluded from any Speedy Trial Act analysis pursuant to 18 U.S.C. § 3161(h)(1)(C).

The parties jointly request a trial date of April 26, 2023, which they assert will allow adequate time for counsel to prepare for trial and serve trial subpoenas. (Doc. 135 at 2.) The Court agrees that this trial setting is appropriate and that

exclusion of the intervening time between the issuance of the Ninth Circuit's mandate and the trial setting from any Speedy Trial Act analysis is warranted.

Specifically, the Court finds that the failure to grant a continuance to the trial date selected by the parties would unreasonably deny Mr. DeFrance reasonable time necessary for effective preparation. *Id.* § 3161(h)(7)(iv). The ends of justice served by permitting Mr. DeFrance a continuance to allow the parties to re-issue subpoenas and prepare for trial outweigh the best interests of the public and the defendant in a speedy trial.

Accordingly, IT IS ORDERED that the bench trial in this matter is RESET for April 26, 2023 at 9:00 a.m. in Missoula, Montana.

IT IS FURTHER ORDERED that the trial briefs deadline is VACATED and RESET for April 21, 2023.

The Court's previous scheduling order (Doc. 18) otherwise remains in full force and effect with the exception of paragraphs 13, 14, 16–20, and 24, which concern jury trial matters.

DATED this 22nd day of February, 2023.

/s/ Dana L. Christensen
Dana L. Christensen, District Judge
United States District Court