IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL BLAKE DEFRANCE,<br><br>Defendant. | CR 21–29–M–DLC<br><br><br><br>ORDER |

Before the Court is the United States' Motion for Deposition to Preserve Testimony. (Doc. 147.) The motion requests leave to depose Vicki Velarde to preserve her testimony for trial pursuant to Rule 15 of the Federal Rules of Criminal Procedure. (*Id.* at 1.) Defendant's counsel does not oppose. (*Id.*)

Rule 15(a) states a district court may grant a motion to depose a witness in a criminal case "because of exceptional circumstances and in the interest of justice." The district court has broad discretion in deciding whether to grant such a motion. *United States v. Olafson*, 213 F.3d 435, 442 (9th Cir. 2000). The burden is on the party seeking the deposition to demonstrate: (1) the witness's unavailability at trial; (2) the expected testimony would be favorable to the movant; and (3) the witness is available for deposition and willing to testify. *United States v. Zuno-Arce*, 44 F.3d 1420, 1425 (9th Cir. 1995). It is not necessary for the movant to make a

1

conclusive showing of unavailability at trial; movant need only show a sufficient likelihood of unavailability as to constitute exceptional circumstances such that the interest of justice supports allowing the deposition. *United States v. Sines*, 761 F.2d 1434, 1439 (9th Cir. 1985).

The United States asserts that the witness would testify about the nature of the relationship between Mr. DeFrance and the victim of the Partner or Family Member Assault conviction from April 2013. (Doc. 147-1 at 3–4.) One of the elements the United States must prove in this case is that the relationship between DeFrance and the PFMA victim at the time of the PFMA was that of "similarly situated to a spouse." 18 U.S.C. § 921(a)(33)(A)(ii). Ms. Velarde is the grandmother of the victim and observed the relationship. (Doc. 147-1 at 3–4.) Her health is declining, and she has recently discontinued cancer treatments because they are no longer working. (*Id.* at 4.) Accordingly, the Court finds that the United States has proven a sufficient likelihood of Ms. Velarde's unavailability to satisfy its burden.

The Court further finds that exceptional circumstances exist, and it is in the interest of justice to preserve Ms. Velarde's testimony through a deposition for possible use at trial. This Court finds that her testimony is expected to be favorable to the United States. Ms. Velarde is willing and available to sit for a deposition and willing to testify.

Accordingly, IT IS ORDERED that the United States' motion (Doc. 147) is GRANTED. The parties shall conduct a deposition of Ms. Velarde at a time agreeable to all parties. Pursuant to Rule 15(c)(2), Mr. DeFrance shall have the right to be present at the deposition upon request, and the parties may file a motion to impose conditions on his presence if necessary.

DATED this 7th day of March, 2023.

_____
Dana L. Christensen, District Judge
United States District Court