MICHAEL DONAHOE
Deputy Federal Defender
Federal Defenders of Montana
Helena Branch Office
50 West 14th Street, Suite 1
Helena, Montana 59601
Phone: (406) 449-8381
Fax: (406) 449-5651
Email:  michael_donahoe@fd.org
Attorneys for Defendant

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL BLAKE DeFRANCE,<br><br>Defendant. | CR 21-29-M-DLC<br><br>**DEFENDANT DeFRANCE'S COMBINED OPPOSED MOTION FOR ACQUITTAL AND MOTION TO ARREST JUDGMENT UNDER RULES 29(c) AND 34, Fed.R.Crim.P.; AND ALTERNATIVE MOTION FOR A NEW TRIAL UNDER RULE 33(b)(2), Fed.R.Crim.P.** |

**MOTION**

COMES NOW, Michael Blake DeFrance, the above-named Defendant, by and through his counsel of record, Michael Donahoe, and the Federal Defenders of Montana, and respectfully moves for acquittal under Rule 29(c) of the Federal Rules

1

of Criminal Procedure; and likewise moves to arrest the Court's May 1, 2023, judgment in this case (ECF No. 182) on the ground that the Court lacks jurisdiction to enter it. Further, Mr. DeFrance contends under Rule 33 that the Court should take additional proof, if necessary.

## GROUNDS

1. Mr. DeFrance is not a prohibited person under the Court's findings and conclusions considering passage of the Bipartisan Safer Communities Act on June 25, 2022.

2. It was impossible for the victim of Mr. DeFrance's 2013 Partner Family Member Assault (PFMA) conviction to be situated as a spouse both because she was a minor, had no permission to marry from a court or her parent, and did not cohabit with Mr. DeFrance.

3. The Court's findings and conclusions are insufficient to convict beyond a reasonable doubt under *Jackson v. Virginia*, 443 U.S. 307 (1979).

4. The collateral estoppel clause/issue preclusion rules and the double jeopardy clause in the Fifth Amendment prohibit the Court from retrying the Montana PFMA relationship element. Mr. DeFrance, as a matter of both fact and law, was in a boyfriend-girlfriend dating relationship with his PFMA victim which at the time of the PFMA in 2013 did not render him a prohibited person under §922(g)(9) and its affiliated statutes; and the Court has no jurisdiction under 18 USC §3231 to change that by retrying the relationship element of his PFMA. A categorical analysis of the 2013 Montana PFMA statute *vis-à-vis* §922(g)(9) and its affiliated statutes shows that the former is overinclusive *vis-à-vis* the latter and the second superseding indictment should, therefore, be dismissed because it fails to state an offense both on its face and post-trial. The Court did not have, and does not have, jurisdiction to retry the Montana PFMA.

///

///

## CONTACT WITH OPPOSING COUNSEL

Government counsel, Jennifer S. Clark, opposes this motion on behalf of the United States.

## CONCLUSION

WHEREFORE, based on this motion and the brief that supports it, Mr. DeFrance prays the Court will acquit him of the charges against him; arrest its May 1, 2023, judgment for lack of jurisdiction in this case pursuant to Rules 29(c) and 34 of the Federal Rules of Criminal Procedure; or in the alternative, grant him a new trial and/or take additional evidence under Rule 33(b)(2) of the Federal Rules of Criminal Procedure.

RESPECTFULLY SUBMITTED this 15th day of May, 2023.

    /s/ Michael Donahoe
MICHAEL DONAHOE
Deputy Federal Defender
Counsel for Defendant

# CERTIFICATE OF SERVICE
## L.R. 5.2(b)

I hereby certify that on May 15, 2023, a copy of the foregoing document was served on the following persons by the following means:

  1     CM-ECF

  2     Mail

1. CLERK, UNITED STATES DISTRICT COURT

1. JENNIFER S. CLARK
   TIMOTHY J. RACICOT
   Assistant United States Attorneys
   United States Attorney's Office
   101 East Front Street, Suite 401
   Missoula, MT 59802
       Counsel for the United States of America

2. MICHAEL BLAKE DeFRANCE
       Defendant

                                  /s/ Michael Donahoe
                                  FEDERAL DEFENDERS OF MONTANA