MICHAEL DONAHOE
Deputy Federal Defender
Federal Defenders of Montana
Helena Branch Office
50 West 14th Street, Suite 1
Helena, Montana 59601
Phone: (406) 449-8381
Fax: (406) 449-5651
Email:  michael_donahoe@fd.org
Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> MICHAEL BLAKE DeFRANCE, <br><br> Defendant. | CR 21-29-M-DLC <br><br><br> **DEFENDANT DeFRANCE'S SENTENCING MEMORANDUM** |

## INTRODUCTION

Defendant Michael Blake DeFrance, by and through his counsel, Michael Donahoe, and the Federal Defenders of Montana, offer the following memorandum in aid of sentencing, currently set down before this Court for September 21, 2023, at 9:00 a.m., in Missoula.

## PRESENTENCE REPORT OBJECTIONS

Mr. DeFrance objects to the final PSR on the following grounds:

1

1. The number of firearms enhancement (+2, ¶33, PSR page 8) ought to be disregarded in the context of this case. In a technical sense, Mr. DeFrance "possessed" firearms owned by others. Given that this case presents substantial constitutional issues, which involve the applicability of 18 USC §922(g)(9) to Mr. DeFrance, the fact that Mr. DeFrance may have had access to three firearms owned by his family represents an unnecessary and artificial adjustment that ought not apply in the unique circumstances of this case. This is especially true where, as here, Mr. DeFrance should be awarded, in the least, a two-level reduction for acceptance of responsibility, which is our next objection.

2. Application Note 2 to USSG § 3E1.1 states in part:

> . . . Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (*e.g.*, to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct). In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct.

USSG §3E1.1, APP Note 2.

This is the situation here. Mr. DeFrance stipulated to possession to preserve his constitutional issues. For example, this Court has ruled, in part, that constitutional type issues have been exhausted and are ripe for presentation on appeal:

In *United States v. Castro*, 71 F.4th 735 (9th Cir. 2023), the Ninth Circuit held that a conviction under subsection (1)(a) of Montana's PFMA was not a "crime of violence" as defined by the federal Sentencing Guidelines, which requires "force capable of causing physical pain or injury to another person." *Id.* at 736–37 (quoting *Johnson v. United States*, 559 U.S. 133, 140 (2010)). The court did not address whether a conviction under subsection (1)(a) of Montana's PFMA would require the lesser physical force required by § 921(a)(33)(A). *Id.* at 739–40 & n.4. However, the court disagreed with this Court's alternative analysis and conclusion that there was not a realistic probability that Montana would apply subsection (1)(a) of its PFMA statute in cases not involving the use of physical force. *Id.* at 743.

The Court concludes that the Ninth Circuit's decision in *Castro* does not require reconsideration of its previous conclusion that *Castleman* required the Court to hold that subsection (1)(a) of Montana's PFMA requires the use of physical force as defined in the context of a prosecution under 18 U.S.C. § 922(g)(9), because the *Castro* opinion concerned the use of "violent" force as defined by the Sentencing Guidelines. 71 F.4th at 739. Accordingly, the Court will not enter a judgment of acquittal as a result of *Castro.* However, the Ninth Circuit clearly rejected this Court's alternative basis for its use-of-force conclusion, and thus the Court observes in closing that this case will squarely present the *Castleman* issue on appeal.

*United States v. DeFrance*, No. CR 21-29-M-DLC, 2023 4531828, at *9 (D. Mont. July 13, 2023)[1].

3. Under the Supreme Court's decisions in *New York State Rifle and Pistol Association, Inc. v. Bruen*, 142 S.Ct. 2111 (2022), *Bousley v. United States*, 523 U.S.

---

[1] Respectfully, we argue that the more generous reading of *Castro* is that the statutory term "bodily injury" under Montana law is overinclusive under the categorical approach because bodily injury does not necessarily involve *any* force. Therefore, under the categorical approach, Montana PFMA does not qualify as a predicate offense under 18 USC §922(g)(9).

3

614 (1998), and *Class v. United States*, 138 S.Ct. 798 (2018), 18 USC §922(g)(9) is unconstitutional.

The *Bruen* decision overturned a New York law with origins dating back well over a century. New York's law requiring a license to carry a handgun in public harkens back to the 1911 Sullivan Law, which was amended in 1913 to add "good moral character" and "proper cause" as conditions. The "proper cause" licensing requirement has been interpreted to mean that a person must demonstrate a special need for self-protection that is distinguished from that of the general community. Justice Thomas references two of the court's last major gun rights cases in his *Bruen* opinion: *District of Columbia v. Heller* and *McDonald v. Chicago* (cites omitted). He begins by pointing out that these seminal cases recognize that the Second and Fourteenth Amendments protect a law-abiding citizen's right to possess a handgun in their home for self-defense. *Bruen* holds that the Second and Fourteenth Amendments also protect an individual's right to carry a handgun for self-defense outside of the home as well.

The *Bousley* decision refers to the case of *Bousley v. United States*, 523 U.S. 614 (1998). In that case, Kenneth Eugene Bousley pleaded guilty to "using" a firearm in violation of 18 USC §924(c)(1) in 1990. Five years later, the Supreme Court held in *Bailey v. United States*, 516 U.S. 137, 144 (1995), that §924(c)(1)'s "use" prong requires the Government to show "active employment of the firearm".

Bousley sought collateral relief under 28 USC §2255 claiming that his guilty plea was not knowing and intelligent because he was misinformed by the District Court as to the nature of the charged crime. The Supreme Court held that, although this claim was procedurally defaulted, Bousley may have been entitled to a hearing on the merits of it if he made the necessary showing to be relieved of the default. We seek to avoid any such default in this case by raising the *Bruen* claim before entry of judgment. As applied, §922(g)(9) is an unconstitutional application of the law to Mr. DeFrance.

The *Class* decision allows for a direct appeal for application of an unconstitutional statute, even on a negotiated guilty plea. Hence, Mr. DeFrance contends here that 18 USC §922(g)(9) is unconstitutional under *Bruen*, *inter alia*, because as evidenced by Congress's most recent amendment to 18 USC §921(a)(33) there is no legislative intent to deny permanently a first offender in a "dating relationship" the Second Amendment right to possess firearms. Moreover, it denies equal protection under the law for Congress to afford Second Amendment rights restoration to a select group of "dating" intimates, without affording that same rights restoration to the other types of relationships listed in the current version of 18 USC §921(a)(33)(A). *See Weinberger v. Wisenfeld*, 420 U.S. 636, 638 , n.2 (Fifth Amendment due process clause contains an equal protection component like the Fourteenth Amendment).

5

Furthermore, Mr. DeFrance should be awarded the sporting exception in USSG §2K2.1(b).  (*See* PSR page 8, ¶29).

## RECOMMENDATION FOR SENTENCE

Mr. DeFrance urges the Court to sentence him to a sentence of one year probation on the following conditions:

- That Mr. DeFrance not commit another Federal, State, or local crime during his term of probation;

- That Mr. DeFrance support his dependents and meet his other family responsibilities; and

- That Mr. DeFrance work conscientiously at suitable employment or pursue a course of study or vocational training that will equip him for such employment.

(*See*  18 USC §3563(a) and (b)).

## CONCLUSION

WHEREFORE, Mr. DeFrance prays this Court will consider this memorandum in aid of sentencing.

RESPECTFULLY SUBMITTED this 7th day of September, 2023.

/s/ Michael Donahoe
MICHAEL DONAHOE
Deputy Federal Defender
Counsel for Defendant

## CERTIFICATE OF SERVICE
## L.R. 5.2(b)

I hereby certify that on September 7, 2023, a copy of the foregoing document was served on the following persons by the following means:

   1    CM-ECF

   2    Mail

1. CLERK, UNITED STATES DISTRICT COURT

1. JENNIFER S. CLARK
   Assistant United States Attorney
   United States Attorney's Office
   105 E. Pine, 2nd Floor
   P.O. Box 8329
   Missoula, MT  59807
         Counsel for the United States of America

2. MICHAEL BLAKE DeFRANCE
         Defendant

                              /s/ Michael Donahoe
                              FEDERAL DEFENDERS OF MONTANA