**JENNIFER S. CLARK**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**101 East Front Street, Suite 401**
**Missoula, MT 59801**
**P.O. Box 8329**
**Missoula, MT 59807**
**Phone: (406) 542-8851**
**FAX:  (406) 542-1476**
**E-Mail:  Jennifer.Clark2@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** Plaintiff, vs. **MICHAEL BLAKE DEFRANCE,** Defendant. | CR 21-29-M-DLC SENTENCING MEMORANDUM |

## INTRODUCTION

Following a bench trial, Michael DeFrance was found guilty of count 1 charging prohibited person in possession of a firearm and ammunition in violation of 18 U.S.C. § 933(g)(9), and counts 2-4 charging false statement during a firearms transaction, in violation of 18 U.S.C. § 922(a)(6) contained in the second

1

superseding indictment. PSR ¶ 14. The presentence investigation report has calculated an advisory Guideline range of 21 to 27 months, based on a total offense level of 16 and a criminal history category of I. PSR ¶ 72. The United States will recommend a sentence within the advisory Guideline range ultimately calculated by the Court.

## THE OFFENSE

DeFrance was convicted in Sanders County Justice Court for Partner or Family Member Assault under Montana Code Annotated § 45-5-206 in May 2013. PSR ¶ 17. On June 27, 2018, DeFrance was in possession of a Smith & Wesson .357 caliber revolver, a box of .357 ammunition, and two .22 caliber rifles under the back seat of his truck. PSR ¶ 18. On October 2, 2018, DeFrance was in possession of the same Smith & Wesson revolver, a Remington Model 770, .243 caliber rifle and a .22 caliber Keystone Arms Rifle. PSR ¶ 19.

On February 4, 2015, DeFrance completed ATF Form 4473 for a Taurus Judge firearm. PSR ¶ 21. He checked "no" on block 11(i) on the form where it asked if he had been convicted in any court of a misdemeanor crime of domestic violence. *Id*.

On September 22, 2016, DeFrance completed ATF Form 4473 for a redeem a Remington 770 rifle. PSR ¶ 22. He checked "no" on block 11(i) on the form where it asked if he had been convicted in any court of a misdemeanor crime of

domestic violence.  *Id.*

On February 24, 2018, DeFrance completed ATF Form 4473 for a Stevens Arms 200 rifle.  PSR ¶ 23.  He checked "no" on block 11(i) on the form where it asked if he had been convicted in any court of a misdemeanor crime of domestic violence.  *Id.*

On March 2, 2018, DeFrance completed ATF Form 4473 for a Smith & Wesson .357 revolver.  PSR ¶ 24.  He checked "no" on block 11(i) on the form where it asked if he had been convicted in any court of a misdemeanor crime of domestic violence.  *Id.*

On August 25, 2018, DeFrance completed ATF Form 4473 for a Remington 770 rifle.  PSR ¶ 25.  He checked "no" on block 11(i) on the form where it asked if he had been convicted in any court of a misdemeanor crime of domestic violence.  *Id.*

**CRIMINAL HISTORY AND RELEVANT CHARACTERISTICS**

DeFrance has a conviction for Partner or Family Member Assault from Sanders County, Montana.  PSR ¶ 43.  He had another Partner or Family Member Assault charge in Jefferson County, Montana, that was dismissed.  PSR ¶ 48.  DeFrance has no health or substance abuse issues.  PSR ¶¶ 56-59.  He has a welding certificate, highway construction certificate, a commercial driver's license, and a level 3 heavy equipment operator certification.  PSR ¶ 60.  DeFrance

currently works as a truck driver. PSR ¶ 61.

## OBJECTIONS

**Response to Objection 1 - USSG § 2K2.1(b)(1)(A):** DeFrance objected to the enhancement for possession of three firearms under USSG § 2K2.1(b)(1)(A). PSR Addendum at 1. DeFrance stated the rifles, or at least one of them, belonged to his mother. *Id.*

USSG § 2K2.1 application note 5 directs to "count only those firearms that were unlawfully sought to be obtained, unlawfully possessed . . . including any firearms that a defendant obtained or attempted to obtain by making a false statement to a licensed dealer." This rule does not impose an ownership requirement.

In this case, DeFrance admitted that he possessed the three firearms seized in October 2018. Tr. Trans. at 179:11-13. He admitted ownership of the Smith & Wesson .357 revolver. Trial Tr. at 179:16. The Remington 770 .243 rifle and the Keystone Arms .22 rifle were located in his bedroom. Trial Tr. at 175-176. The Smith & Wesson revolver also had been located in his truck in June 2018. Trial Tr. at 172-173.

DeFrance redeemed a Stevens Arms 300 Win Mag rifle from Cash 1 Pawn in March 2018. Gov't. Tr. Ex. 8. DeFrance purchased the Smith & Wesson Lady Smith .357 revolver that was found in his bedroom from Cash 1 Pawn in March

4

1018.  Gov't. Tr. Ex. 9.  He redeemed the Remington 770 .243 rifle that was found in his bedroom from Cash 1 Pawn in September 2018.  Gov't. Tr. Ex. 10.  On each of the ATF Form 4473 forms completed by DeFrance, he asserted he was the actual transferee/buyer of the firearms listed on the form.  Gov't. Tr. Ex. 8-10.  Cash 1 Pawn manager Joel Christensen testified that a person could not pawn or redeem a firearm that did not belong to them.  Tr. Trans. at 60-61.

Testimony and evidence at trial proved that DeFrance possessed all three of these firearms either in his vehicle or his bedroom.  He also obtained each of them from Cash 1 Pawn.  A second .22 caliber rifle also had been located in his truck in June 2018. This Court made a factual determination that his possession was illegal and that his statements to Cash 1 Pawn were false.  Doc. 182.  This Court should apply the two-level enhancement for possession of three to seven firearms.

**Response to Objection 2 – USSG § 3E1.1:**  DeFrance asserts he is entitled to a two-level decrease for acceptance of responsibility under USSG § 3E1.1. "This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse."  USSG § 3E1.1, application note 2.  However, in *rare situations* a defendant may receive the reduction if he goes to trial to assert and preserve issues *that do not relate to factual guilt*.  *Id*. (emphasis added).  "In each such instance, however, a

5

determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct." *Id.*

The Ninth Circuit has allowed for acceptance of responsibility reductions in cases where defendants have either tried to plead guilty and were forced to trial or where defendant's put up a minimal defense to protect their constitutional challenges. *See United States v. McKinney*, 15 F.3d 849 (9th Cir. 1994) (where defendant was contrite and attempted to plead guilty); *c.f. United States v. Lindholm*, 24 F.3d 1078 (9th Cir. 1994) (where defendant made his fraudulent intent a factual matter by blaming victims).

DeFrance made constitutional challenges to the application of this statute to him based on a categorical approach between the state and federal definitions and that the statute does not provide fair warning. Docs. 16-17, 43-44.

Separate from the constitutional challenges, DeFrance also contested that his relationship factually qualified as "similarly situated to a spouse" with Charlo when he assaulted her in 2013, and that he did not know he was a member of the class "convicted of a misdemeanor crime of domestic violence." DeFrance argued throughout trial that he and Charlo were not in a covered relationship under 18 U.S.C. § 921(a)(33)(A) and were only in a dating relationship. DeFrance cross examined government witnesses about the relationship with Charlo and presented witnesses to counter the assertions of the government. DeFrance presented

6

evidence that no one told him he was prohibited from possessing firearms based on his conviction. Tr. Trans. 49:1-7; 240:3-7. DeFrance argued that there was no indication they were situated as spouses. Tr. Trans. at 344:4-5. He argued that this was the only place for the government to hang its hat. Tr. Trans. at 345-346. He argued that he didn't have notice of his prohibited status. Tr. Trans at 345:9, 347.

While he contends 18 U.S.C. § 922(g)(9) does not apply to him for constitutional reasons, he also contests his factual guilt. He argued that the facts did not prove his relationship with Charlo was "similarly situated to a spouse." He argued that he did not know he was convicted of a misdemeanor crime of domestic violence and therefore did not make a false statement to the firearms dealer. Because he argued that he was factually innocent, he is not entitled to a two-level decrease for acceptance of responsibility.

**Response to Objection 3 - USSG § 2K2.1(b)(2):** DeFrance objected to the level 14 designation under USSG § 2K2.1(a)(6).[1] PSR Addendum at 2; PSR at ¶ 32. DeFrance asserts he should start as a level 12 and then be granted the sporting purpose exception under USSG § 2K2.1(b)(2) to reduce his offense level to 6. PSR Addendum at 2.

---

[1] DeFrance objected to the designation that he was a prohibited person at the time he committed the offense. He stated he was not a prohibited person because he was only in a dating relationship. He also objected that he was never affirmatively told that he lost his gun rights. These are objections to the factual determinations already decided by the Court and the government will not relitigate them here.

Because the Court made the findings that DeFrance was a prohibited person at the time of the offense conduct, his base offense level should be 14. USSG § 2K2.1(a)(6).

The sporting purpose exception is applied when the firearms are possessed *solely* for lawful sporting purposes or collection. USSG § 2K2.1(b)(2) (emphasis added). This exception does not apply when a firearm is possessed for other lawful purposes such as protecting a person or home. *United States v. Gavilan*, 966 F.2d 530, 531 (9th Cir. 1992); *United States v. Lam*, 20 F.3d 999, 1002 (9th Cir. 1994).[2]

DeFrance provided a statement that his pistol was used for protection at home and in the woods during bow season. PSR at ¶ 29. He should not be given an offense level of 6 for sporting purposes because at least one of the firearms he possessed was not for a sporting purpose.

## RECOMMENDATION

Title 18 U.S.C. § 3553(a)(2) requires the Court to "impose a sentence sufficient, but not greater than necessary" in light of the following factors:

- reflect the seriousness of the offense
- promote respect for the law

---

[2] In an unpublished decision, the Ninth Circuit denied sporting purpose application when two revolvers were found on the nightstand. It cited cases that found fully loaded weapons were more consistent with personal protection rather than sporting or collection use. *See United States v. Rehder*, 176 F.3d 486 (9th Cir. 1999).

- provide just punishment

- afford adequate deterrence to criminal conduct

- protect the public from further crimes of the defendant

- provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

The Court is also required to consider the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentences available, the sentencing guidelines and policy statements, to avoid unwarranted sentencing disparities, and to provide for restitution to victims. 18 U.S.C. § 3553(a)(1), (3)-(7).

In the government's view, a sentence of 21 months is sufficient but not excessive. The United States will recommend a sentence within the advisory Guideline range ultimately calculated by the Court as being sufficient but not greater than necessary to satisfy the requirements of 18 U.S.C. § 3553(a).

DATED this 7th day of September, 2023.

JESSE A. LASLOVICH
United States Attorney

*/s/ Jennifer S. Clark*
Assistant U.S. Attorney
Attorney for Plaintiff