MICHAEL DONAHOE
Deputy Federal Defender
Federal Defenders of Montana
Helena Branch Office
50 West 14th Street, Suite 1
Helena, Montana 59601
Phone: (406) 449-8381
Fax: (406) 449-5651
Email:  michael_donahoe@fd.org
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> MICHAEL BLAKE DeFRANCE, <br><br> Defendant. | CR 21-29-M-DLC <br><br><br> **DEFENDANT DeFRANCE'S RESPONSE TO GOVERNMENT'S SENTENCING MEMORANDUM** |

## INTRODUCTION

The government filed its sentencing memorandum on September 7, 2023 (ECF No. 200).  Following is Mr. DeFrance's response.

## RESPONSE ARGUMENT

The government argues that Mr. DeFrance should not be awarded a reduction of his base offense level under USSG §2K2.1(b)(2); *citing United States v. Gavilan*,

1

966 F.2d 530, 531 (9th Cir. 1992); *United States v. Lam*, 20 F.3d 999, 1002 (9th Cir. 1994) (ECF No. 200, p. 8). Both decisions are distinguishable.

*Gavilan* involved a warranted search of the defendant's residence for marijuana. During that search, in addition to finding marijuana plants and harvested marijuana in the garage and the residence, agents found a .22 caliber revolver in a nightstand in the master bedroom. 966 F.2d at 531. After resolving the case by his guilty plea, the defendant argued that his offense level should have been reduced to level 6 under §2K2.1(b)(2) because the firearm was for home and personal protection for him and his girlfriend, after they suffered a home burglary. The district court disagreed and found as a factual matter that the defendant had possessed the firearm ". . . to protect [the marijuana] plants". *Id.* Moreover, the Ninth Circuit agreed and affirmed based on the district court's reasoning. And important to our purposes here, the Ninth Circuit declined to reach the question of whether a lawful purpose other than sport or collection could fall within the purview of the §2K2.1(b)(2):

> Because we resolve Gavilan's appeal on the basis that he did not possess the weapon solely for any lawful purpose, we need not reach his claim that lawful purposes other than sport and collection fall within the scope of Section 2K2.1(b)(1). We express no opinion on that claim.

966 F.2d at 532, n.1.

2

Thus, a more nuanced reading of *Gavilan* is that under §2K2.1(b)(2) simultaneous, *unlawful* possession of the firearm can serve to disqualify a defendant from claiming the §2K2.1(b)(2) offense level reduction; even assuming possession of the firearm for some other lawful purpose. Which in the *Gavilan* case was for both personal and protection and protection of the home. Next, the government cites *United States v. Lam*, 20 F.3d 999 (9th Cir. 1994). There, the firearm was a sawed-off shotgun, which the Court noted had few legitimate uses. *Lam* is inapposite.

Furthermore, the government's argument that the §2K2.1(b)(2) reduction ought to be denied is complicated by the Supreme Court's recent decision in *New York State Rifle and Pistol Association, Inc. v. Bruen*, 142 S.Ct. 2111 (2022) (Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense both in the home and outside the home as well). *Also see* 18 USC §921(a)(33)(A) and (C) (awarding a restoration of firearms rights to domestic violence offenders in "dating" relationships who accumulate 5 years clean conduct).

Both *Bruen* and this uneven and prospective restoration of Second Amendment rights for "dating" type domestic offenders should inform the discussion here, especially in light of *Bruen*. Both the amendments to §921(a)(33)(A) and (C) and the *Bruen* decision itself recognize that in some situations a permanent and lifetime ban on firearms' possession could and does present constitutional problems. *See e.g.*, *Range v. Attorney General United States*

3

of America, 69 F.4th 96 (3rd Cir. 2023); and *United States v. Rahimi*, 61 F.4th 443 (5th Cir. 2023) cert. granted, No. 22-915, 2023 WL 4278450 (U.S. June 30, 2023).

In *Range*, the defendant pleaded guilty to fraudulently obtaining $2,458 in food stamps by understating his income. This misdemeanor conviction also resulted in a permanent federal firearms ban because the offense was also *punishable* by imprisonment exceeding one year. Range returned the money, paid a $100 fine and $288 in court costs, and served three years of probation. This firearms disability was struck down by the Court of Appeals for the Third Circuit in *Range* as being inconsistent with the constitutional right to keep and bear arms. The Court applied the test established in *Buren*, which rejected a state law requiring that residents demonstrate "proper cause" to carry guns in public for self-defense. When a gun control law restricts conduct covered by the "plain text" of the Second Amendment, the Court said, the government has the burden of demonstrating that it is "consistent with this Nation's historical tradition of firearm regulation." The Third Circuit's 11–4 decision is the first *en banc* federal appeals court ruling to reject a gun restriction under the *Bruen* test, which casts doubt on the constitutionality of other firearm regulations. In *Rahimi*, a three-judge panel of the Fifth Circuit Court of Appeals

ruled that the federal prohibition on gun possession for people subject to domestic violence civil protective orders is unconstitutional under the Second Amendment.

The point we want to stress here is that the Sentencing Commission and Congress cannot indiscrimately grant some offenders lighter sentences and/or restoration of Second Amendment rights. For example, if some convicted offenders are granted offense level reductions involving sporting and collection type possessions; that same sort of mitigation analysis ought to apply to other lawful type possession like the personal and home protection under *Bruen*. Likewise, since Congress has reinvested one-time domestic offenders convicted in the context of a "dating" relationship with Second Amendment rights; that entitlement should also extend to other types of domestic offenders (spouse parents, siblings, etc.) as a matter of equal protection under the Fifth and Fourteenth Amendments.

Moreover, the relevant application note to §2K2.1(b)(2) states:

> 6. **Application of Subsection (b)(2).**—Under subsection (b)(2), "lawful sporting purposes or collection" as determined by the surrounding circumstances, provides for a reduction to an offense level of 6. Relevant surrounding circumstances include the number and type of firearms, the amount and type of ammunition, the location and circumstances of possession and actual use, the nature of the defendant's criminal history (*e.g.*, prior convictions for offenses involving firearms), and the extent to which possession was restricted by local law. Note that where the base offense level is determined under subsections (a)(1)–(a)(5), subsection (b)(2) is not applicable.
>
> USSG §2K2.1(b)(2), App. Note 6.

Here, the firearms at issue were used for hunting and protection of self, home, and family. The "collection" of firearms/ammunition was and is typical of any Montana household. There is no proof of any illegal use of the firearms in the collection. And there is no conviction or conduct listed for any firearm-type related offenses in the PSR.

## CONCLUSION

Hence, the reduction under §2K2.1(b)(2) to level 6 should be granted.

RESPECTFULLY SUBMITTED this 14th day of September, 2023.

/s/ Michael Donahoe
MICHAEL DONAHOE
Deputy Federal Defender
Counsel for Defendant

## CERTIFICATE OF SERVICE
## L.R. 5.2(b)

I hereby certify that on September 14, 2023, a copy of the foregoing document was served on the following persons by the following means:

  1     CM-ECF

  2     Mail

1. CLERK, UNITED STATES DISTRICT COURT

1. JENNIFER S. CLARK
   Assistant United States Attorney
   United States Attorney's Office
   105 E. Pine, 2nd Floor
   P.O. Box 8329
   Missoula, MT  59807
       Counsel for the United States of America

2. MICHAEL BLAKE DeFRANCE
       Defendant

                                    /s/ Michael Donahoe
                                    FEDERAL DEFENDERS OF MONTANA