MICHAEL DONAHOE
Deputy Federal Defender
Federal Defenders of Montana
Helena Branch Office
50 West 14th Street, Suite 1
Helena, Montana 59601
Phone: (406) 449-8381
Fax: (406) 449-5651
Email: michael_donahoe@fd.org
Attorneys for Defendant

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. MICHAEL BLAKE DeFRANCE, Defendant. | CR 21-29-M-DLC<br><br>**DEFENDANT DeFRANCE'S RESPONSE TO GOVERNMENT'S MOTION FOR A PRELIMINARY ORDER OF FORFEITURE (ECF Nos. 201 and 202)** |

## INTRODUCTION

The government filed its motion for a preliminary order of forfeiture (ECF No. 201) and supporting brief (ECF No. 202) on September 11, 2023. Following is Mr. DeFrance's response to the government' motion.

## RESPONSE ARGUMENT

1. The government's motion for preliminary order of forfeiture comes too late. In the Second Superseding Indictment the government made a general claim

1

for forfeiture under 18 USC §924(d). Moreover, this general request for forfeiture was repeated and noticed in the draft PSR, which was furnished to the parties on or about July 26, 2023. The government did not object to the draft PSR to identify particular property to be forfeited. Instead, the government waited another month and 17 days to move for the preliminary order. Thus, we contend the government waived and/or forfeited its rights to claim forfeiture because a forfeiture claim should be perfected "as soon as practicable after a verdict or finding of guilty . . .". Which, in this case was May 1, 2023, over four months ago.

2.  In this connection the government's motion for forfeiture in fact truncates the Court's rules governing response time for a motion. Under Rule 47.2, a party has 14 days to respond to a motion. Thus, the response time designated by the rule will expire after the sentencing hearing currently set for September 21, 2023. Not to mention that during the period of informal dispute resolution on PSR issues the defense registered an objection that some of the guns belonged to others. (*See* PSR Objection 1, Addendum, p. 1). The government has known at least since that time that there was an issue concerning ownership of the guns.

3.  The fact that the government now seeks to forfeit only one of the guns shows, at a minimum, that the government waived claim to the other two, which

in turn re-enforces the conclusion that the request for preliminary forfeiture comes too late and/or should be considered waived/forfeited.

## CONCLUSION

WHEREFORE, Mr. DeFrance prays the Court will deny the government's motion for preliminary forfeiture.

RESPECTFULLY SUBMITTED this 14th day of September, 2023.

/s/ Michael Donahoe
MICHAEL DONAHOE
Deputy Federal Defender
Counsel for Defendant

# CERTIFICATE OF SERVICE
## L.R. 5.2(b)

I hereby certify that on September 14, 2023, a copy of the foregoing document was served on the following persons by the following means:

  __1__       CM-ECF

  __2__       Mail

1. CLERK, UNITED STATES DISTRICT COURT

1. JENNIFER S. CLARK
   Assistant United States Attorney
   United States Attorney's Office
   105 E. Pine, 2nd Floor
   P.O. Box 8329
   Missoula, MT 59807
        Counsel for the United States of America

2. MICHAEL BLAKE DeFRANCE
        Defendant

                                      /s/ Michael Donahoe
                                      FEDERAL DEFENDERS OF MONTANA