


JENNIFER S. CLARK
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 8329
Missoula MT 59807
101 East Front Street, Suite 401
Missoula, MT 59802
Phone: (406) 542-8851
Fax:   (406) 542-1476
Email:   Jennifer.Clark2@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| UNITED STATES OF AMERICA, | CR 21-29-M-DLC |
|---|---|
| Plaintiff, | GOVERNMENT'S REPLY TO DEFENDANT'S RESPONSE TO MOTION FOR A PRELIMINARY ORDER OF FORFEITURE |
| vs. | |
| MICHAEL BLAKE DEFRANCE, | |
| Defendant. | |

The United States of America, represented by Jennifer S. Clark, Assistant United States Attorney for the District of Montana, files this reply to Defendant's response to government's motion for a preliminary forfeiture order.

A preliminary order of forfeiture is intended to give the parties time to advise the court of omissions or errors prior to the judgment being finalized. *United States v. McIntosh*, 58 F.4th 606, 610 (2nd Cir. 2022).   Courts have held

1

the deadline to file a preliminary order of forfeiture is a time-related directive and that failure to file a preliminary order prior to sentencing does not render forfeiture invalid. *Id* at 611. The Second Circuit noted an unpublished decision from the Ninth Circuit where the defendant was on notice that the government was seeking forfeiture through the indictment and was given the opportunity to brief any objections to the forfeiture before it was entered. *See United States v. Cereceres*, 771 Fed. Appx. 803 (9th Cir. 2019); *see also United States v. Moreno*, 618 Fed. Appx. 308, 314 (9th Cir. 2015) (failure to file preliminary order of forfeiture did not affect substantial rights of defendant because he had actual notice).

"Every court of appeals to have addressed the issue concluded that Rule 32.2 does not establish jurisdictional limitations." *United States v. Lee*, 77 F.4th 565, 578 (7th Cir. 2023). Forfeiture has been upheld when defendants were on notice of forfeiture, had an opportunity to contest it, and the forfeiture order was in the judgment despite lack of a preliminary order.[1] *Id.* at 582. Federal Rule of Criminal Procedure 32.2 builds in flexibility as to the timing of a preliminary order. *Id*. The rule also does not preclude a final order of forfeiture when there is not a preliminary order. *Id.* When the defendant is not prejudiced, there is not error.

---

[1] Forfeiture was not upheld when preliminary orders were issued after sentencing and judgments did not address forfeiture. *Lee*, 77 F.4th at 582.

DeFrance was put on notice in the indictment, superseding indictment and second superseding indictment that any firearms involved in the knowing violation of the charged offenses were subject to forfeiture. The purpose of the preliminary order is to ensure that the items subject to final forfeiture are accurate. Here, the government seeks to forfeit the Smith & Wesson Lady Smith pistol. This gun was purchased by Defendant (Tr. Ex. 9), he possessed the firearm on multiple occasions (Tr. Trans. 172-174), and he admitted he owned the gun (Tr. Trans. 179). The Defendant did not contest these facts in his response to the motion for preliminary forfeiture order.[2] This Court found that DeFrance was a prohibited possessor. Testimony established the Smith & Wesson was one of the firearms he possessed. This Court also found that DeFrance made false statements in relation to firearms transactions (including during the purchase of the Smith & Wesson).

The preliminary order provides further notice to the Defendant what items will be forfeited and provides the opportunity for the Defendant to correct any errors. The preliminary order of forfeiture will become final as to the defendant at sentencing. Fed. R. Crim. P. 32.2(b)(4)(A). Even if the Court makes the determination at sentencing without a preliminary order, there is no prejudice to the Defendant. The motion for a preliminary order afforded the defendant the

---

[2] Defendant also did not object to the forfeiture listed in the PSR.

opportunity to lodge any objections or correct any errors as to the property being forfeited. Defendant may still make any objections or corrections at sentencing.

The United States respectfully requests this Court to enter the preliminary order of forfeiture prior to sentencing. The Defendant retains his right to appeal the order of forfeiture. Fed. R. Crim. P. 32.2(b)(4)(C).

DATED this 19th day of September, 2023.

>JESSE A. LASLOVICH
>United States Attorney
>
>*/s/ Jennifer S. Clark*
>JENNIFER S. CLARK
>Assistant U.S. Attorney

## CERTIFICATE OF COMPLIANCE

Pursuant to local rule, I hereby certify that the foregoing document is proportionately spaced, has a typeface of 14 points or more, and the body of the brief contains 586 words.

DATED this 19th day of September, 2023.

> */s/ Jennifer S. Clark*
> JENNIFER S. CLARK
> Assistant U.S. Attorney